NORRIS v CITY OF LINCOLN PARK POLICE OFFICERS

Docket No. 295378. Submitted March 3, 2011, at Detroit. Decided March 10, 2011. Approved for publication May 17, 2011, at 9:05 a.m. Leave to appeal denied, 490 Mich 917.

Ronnie L. Norris and Karen S. Norris brought an action in the Wayne Circuit Court against Lincoln Park Police Officers Veronica Malkowski and Dean Vann and Lincoln Park Police Lieutenant Brian Hawk, alleging abuse of process, gross negligence, intentional infliction of emotional distress, and malicious prosecution. Ronnie had been driving a vehicle on I-75 at a high rate of speed on three tires and a rim and failed to comply when Malkowski and Vann signaled for him to stop. Ronnie eventually stopped his vehicle when a semitrailer stopped in front of him. After stopping, Ronnie failed to respond to Malkowski's commands to exit his vehicle and actively resisted when she attempted to remove him from the vehicle. Vann deployed a police canine in an attempt to force Ronnie's compliance. Eventually Malkowski removed Ronnie from the vehicle with the assistance of two civilians. Ronnie claimed that he had been in the midst of an epileptic seizure. He was acquitted of the related charges that were brought against him and brought suit alleging that he was injured by the officers' actions. Defendants moved for summary disposition. The trial court, Jeanne Stempien, J., granted summary disposition in favor of Malkowski and Hawk on the basis of governmental immunity, but denied summary disposition with regard to Vann, concluding that there were factual issues surrounding his use of the canine that precluded summary disposition. Vann appealed.

The Court of Appeals *held*:

1. An officer's decision regarding the type of action necessary to effectuate an arrest is only actionable if the officer engaged in wanton or malicious conduct or demonstrated a reckless indifference to the common dictates of humanity. Vann's use of the police canine was a discretionary action that was used in light of Ronnie's repeated failure to cooperate with police commands and, on the record presented, the trial court erred by concluding that the use of the canine violated the Lincoln Park Police Department's canine policy. Vann's actions were undertaken during the course of his employment, he acted within the scope of his authority, the acts were performed in

good faith, and his decision regarding the type of action necessary to effectuate the arrest constituted discretionary action. Thus, he was entitled to governmental immunity with regard to plaintiffs' intentional tort claims.

2. A party cannot avoid the dismissal of a cause of action through artful pleading. Thus, elements of intentional torts may not be transformed into gross negligence claims. Plaintiffs' claim of gross negligence was premised on the officers' alleged assault of Ronnie, an intentional tort claim with regard to which defendant was entitled to governmental immunity. Accordingly, the trial court erred by denying Vann's motion for summary disposition with regard to the gross negligence claim.

Reversed and remanded for entry of an order granting Vann's motion for summary disposition.

*Reid & Reid, P.C.* (by *Daniel J. Reid*), and the *Law Office of J. L. Hawkins & Associates, PLLC* (by *Johnny L. Hawkins*), for Ronnie L. and Karen S. Norris.

*Plunkett Cooney* (by *Mary Massaron Ross* and *Hilary A. Ballentine*) for Dean Vann.

Before: SAWYER, P.J., and MARKEY and FORT HOOD, JJ.

PER CURIAM. Defendant, Lincoln Park Police Officer Dean Vann, appeals as of right the trial court's order denying his motion for summary disposition based on governmental immunity.[1] We reverse.

On April 5, 2007, Officers Malkowski and Vann received a police bulletin concerning a dark color Jeep traveling southbound on I-75 and being driven at a high rate of speed on three tires and a rim. The vehicle was being driven by plaintiff. Sparks were flying off the vehicle

---

[1] The trial court granted summary disposition in favor of defendants Lincoln Park Police Officer Veronica Malkowski and Lincoln Park Police Lieutenant Brian Hawk, and that ruling is not at issue in this appeal. Plaintiffs are husband and wife. The claims raised by plaintiff Karen Norris are derivative of her husband's claims. Therefore, the singular term "plaintiff" refers to Ronnie Norris only.

as a result of its condition and speed. The officers were unable to stop the vehicle for three miles despite activating lights and sirens. A semitrailer in front of plaintiff slowed to a stop, and plaintiff then stopped his vehicle. Officer Malkowski positioned her vehicle behind plaintiff to prevent his escape. The officers approached plaintiff's vehicle, and Officer Malkowski gave verbal commands to plaintiff to exit his vehicle. Plaintiff looked at her and looked away. Officer Malkowski again commanded plaintiff to shut off the engine and exit the vehicle. After plaintiff failed to respond to three commands, Officer Malkowski opened the door and attempted to pull him out, but he kicked at her with his feet, assaulted her with his hands, and actively resisted her. Officer Vann of the K-9 unit advised that he was going to get his dog, Aegis. Officer Vann testified that he ordered plaintiff out of the vehicle and advised that he would deploy the dog, but plaintiff did not comply. The dog began to bark and bite at plaintiff who began to kick and swat at the dog. Officer Vann told plaintiff to stop engaging the dog, and he would call the dog off. After 15 seconds, Officer Vann called Aegis back to him.

While Officer Vann approached with the dog, Officer Malkowski heard plaintiff begin to spin the wheels on his car in an attempt to escape. She ran to the passenger side of the vehicle to remove the keys to prevent flight and injury to the officers. Plaintiff kicked at the dog and tried to avoid it by moving toward the center console. Officer Malkowski yelled at him to stop resisting and tried to grab plaintiff's coat to remove him from the vehicle. Once again, plaintiff began to strike Officer Malkowski and broke her glasses. At that point, two civilians ran up to her and asked if she needed assistance, and she accepted. The three pulled plaintiff from the car. Plaintiff was on his back with his hands beneath his body. He had to be rolled onto his stomach to be placed

in handcuffs. During the incident, plaintiff looked straight ahead and did not verbally respond to commands. Although officers were aware of epilepsy that may cause seizures including involuntary movements, they were unaware of temporal lobe epilepsy and the staring spells that may accompany an episode of temporal lobe epilepsy. The officers did not notice any medical alert information on plaintiff's key chain.

Plaintiff asserted that he had no recollection of the incident, but testified that he now feared dogs and police officers and suffered from posttraumatic stress disorder. Although plaintiff acknowledged a history of epilepsy, he testified that the episodes he experienced caused him to "freeze." He testified that he remembered driving on I-75, hitting a pothole, and waking up in the back of a police vehicle. He passed out again in the back of the police vehicle and woke up in a holding cell. Plaintiff's neurologist, Dr. Eric Zimmerman, testified that although plaintiff's condition may cause him to "freeze," it was common for a person coming out of a seizure to be agitated or combative.

Plaintiffs filed suit alleging abuse of process,[2] gross negligence, intentional infliction of emotional distress, and malicious prosecution against Officers Malkowski and Vann and Lincoln Park Police Lieutenant Brian Hawk. The trial court granted defendants' motion for summary disposition regarding defendants Malkowski and Hawk, concluding that they were entitled to immunity. The trial court held that there were factual issues regarding gross negligence and the intentional torts related to the conduct of Officer Vann. The trial court also held that the deployment of the dog was contrary to the Lincoln Park Police Department's policies and proce-

---

[2] Although this count was entitled "abuse of process", it alleged assault and battery.

dures for canine use. Defendant Vann appeals as of right the denial of his motion for summary disposition premised on governmental immunity. See MCR 7.202(6)(a)(v) and 7.203(A)(1).

The availability of governmental immunity presents a question of law that is reviewed de novo, and the decision to grant or deny summary disposition is also reviewed de novo. *Willett v Waterford Charter Twp*, 271 Mich App 38, 45; 718 NW2d 386 (2006). If there are no material facts in dispute or if reasonable minds could not differ regarding the legal effect of the facts, the issue of governmental immunity is resolved as an issue of law. *Id.* A governmental agency is immune from tort liability when performing a governmental function unless a statutory exception applies. *Jackson Co Drain Comm'r v Village of Stockbridge*, 270 Mich App 273, 282; 717 NW2d 391 (2006).

Officer Vann alleges that the trial court erred by denying summary disposition because he was entitled to summary disposition on the basis of governmental immunity. We agree.

In *Odom v Wayne Co*, 482 Mich 459, 468, 480; 760 NW2d 217 (2008), the Supreme Court concluded that lower-level employees are entitled to qualified immunity from tort liability for intentional torts when the acts were undertaken during the course of employment and the employee acted or reasonably believed that he or she was acting in the scope of his or her authority, the acts were performed in good faith or without malice, and the acts were discretionary, not ministerial. The good faith element is subjective in nature, and it protects a defendant's honest belief and conduct taken in good faith with the cloak of immunity. *Id.* at 481-482. Discretionary acts are those that require personal deliberation, resolution, and judgment. "Granting immunity to an employee engaged in discretionary acts allows the employee to resolve problems without constant fear of legal repercussions." *Id.* at 476.

A police officer's determination regarding the type of action to take, whether an immediate arrest, the pursuit of a suspect, or the need to wait for backup assistance, constitutes discretionary action entitled to immunity. *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 659-660; 363 NW2d 641 (1984). A police officer's decisions regarding how to respond to a citizen, how to safely defuse a situation, and how to effectuate the lawful arrest of a citizen who resists are also clearly discretionary. See *Oliver v Smith*, 290 Mich App 678, 689-690; 810 NW2d 57 (2010). Once the decision to arrest is made, it must be performed in a proper manner. *Ross*, 420 Mich at 660. With regard to the execution of an arrest, "[a]n action may lie only if the officer has utilized wanton or malicious conduct or demonstrated a reckless indifference to the common dictates of humanity." *Dickey v Fluhart*, 146 Mich App 268, 276; 380 NW2d 76 (1985). When addressing a claim of assault and battery that allegedly occurred during the making of an arrest, discretion must be reposed in the law enforcement officer concerning the means necessary to apprehend the alleged offender and to keep him secure after the apprehension. *Firestone v Rice*, 71 Mich 377, 384; 38 NW 885 (1888). Furthermore, "this discretion cannot be passed upon by a court or jury unless it has been abused through malice or wantonness or a reckless indifference to the common dictates of humanity." *Id.* Accordingly, the trial court must address a preliminary question of law. Good faith means acting without malice. See *Armstrong v Ross Twp*, 82 Mich App 77, 85-86; 266 NW2d 674 (1978).

Police officers are not required to take unnecessary risks in the performance of their duties. See *People v Otto*, 91 Mich App 444, 451; 284 NW2d 273 (1979). Police officers work in a "milieu of criminal activity where every decision is fraught with uncertainty." *White v Beasley*, 453 Mich 308, 321; 552 NW2d 1 (1996) (opinion by BRICKLEY,

C.J.) (quotation marks and citation omitted). In light of the unusual and extraordinary nature of police work, it is improper to second-guess the exercise of a police officer's discretionary professional duty with the benefit of 20/20 hindsight. *Id.*

In the present case, the intentional tort claims are barred by governmental immunity. See *Odom*, 482 Mich at 468, 480; *Ross*, 420 Mich at 659-660. Police dispatch received multiple 911 calls concerning a vehicle with sparks flying from the rear end. Upon receipt of the police bulletin of a vehicle travelling on the freeway on three tires and one rim at a rate of 80 miles per hour, Officers Malkowski and Vann pursued the vehicle driven by plaintiff. The officers were unable to stop the vehicle for three miles despite activating both lights and sirens until a semitrailer pulled in front of plaintiff and slowed to a complete stop. Plaintiff did not comply with verbal commands by Officer Malkowski to exit the vehicle and struck and kicked her when she attempted to extract him from the vehicle. Consequently, Officer Vann attempted to achieve cooperation by threatening to release the police dog Aegis. When plaintiff again did not cooperate, the dog was released. Plaintiff began to spin his wheels in attempt to flee and resisted and kicked the police dog. After 15 seconds, the dog was called off. Once again, plaintiff fought with Officer Malkowski who was only able to remove plaintiff from the vehicle and effectuate an arrest with the aid of two civilians.[3]

Officer Vann's actions were undertaken during the course of his employment, he acted within the scope of

---

[3] The trial court commented that the use of civilians was contrary to police policy. There was no evidence in the lower court record to verify that assertion. Furthermore, private persons may make an arrest for felonies committed in their presence or if summoned by a peace officer to assist the officer in making an arrest. See MCL 764.16.

his authority, the acts were performed in good faith, and the decision regarding the type of action necessary to effectuate the arrest constituted discretionary action.

The trial court concluded that there were factual issues precluding summary disposition because of the use of the dog, the release of the dog into a confined space, and the violation of the department's canine policies. An officer's decision regarding the type of action necessary to effectuate an arrest is only actionable if the officer engaged in wanton or malicious conduct or demonstrated a reckless indifference to the common dictates of humanity. In the present case, the officers testified that plaintiff was repeatedly uncooperative. After viewing the assault of Officer Malkowski, Officer Vann made a decision to utilize the police dog. Officer Vann testified that the use of a police dog can aid certain situations, such as the use of a barking dog in instances of crowd control. When it became apparent that plaintiff would also resist the police dog, Officer Vann called the dog back after 15 seconds. Without the dog to contend with, plaintiff began to once again resist Officer Malkowski who was now present at the passenger side of the vehicle. The action taken was discretionary police judgment. The conclusion that the use of the police dog was contrary to police policies and procedures is not supported by the record. The Lincoln Park Police Department's K-9 policy delineates the specific uses for the dog, but also allows for use of the dog for "any other assignment the handler feels the dog is capable of handling." Therefore, the trial court erred by holding that factual issues prevented the application of qualified immunity for the intentional tort claims.[4]

---

[4] In the deposition of Officer Vann, plaintiff's counsel asserted that Officer Vann should have attempted to remove plaintiff because he was taller and larger than Officer Malkowski, a petite female. Counsel also

The trial court also erred by denying defendant Vann's motion for summary disposition regarding the claim of gross negligence. A party's choice of label for a cause of action is not dispositive. We are not bound by the choice of label because to do so "would exalt form over substance." *Johnston v City of Livonia*, 177 Mich App 200, 208; 441 NW2d 41 (1989). A party cannot avoid the dismissal of a cause of action through artful pleading. *Maiden v Rozwood*, 461 Mich 109, 135; 597 NW2d 817 (1999). The gravamen of a plaintiff's action is determined by examining the entire claim. *Id.* The courts must look beyond the procedural labels in the complaint and determine the exact nature of the claim. *MacDonald v Barbarotto*, 161 Mich App 542, 547; 411 NW2d 747 (1987). A review of the amended complaint reveals that the claim of gross negligence is premised on the alleged assault of plaintiff. Elements of intentional torts may not be transformed into gross negligence claims. *VanVorous v Burmeister*, 262 Mich App 467, 483; 687 NW2d 132 (2004). Accordingly, the trial court erred by denying the motion for summary disposition of the gross negligence count for failure to state a claim. *Id.* at 483-484.

Reversed and remanded for entry of an order granting defendant Vann's motion for summary disposition. We do not retain jurisdiction.

SAWYER, P.J., and MARKEY and FORT HOOD, JJ., concurred.

---

asserted that Officer Vann did not want to get his "hands dirty." It is improper to second-guess the exercise of a police officer's discretionary professional duty with the benefit of hindsight. *White*, 453 Mich at 321 (opinion by BRICKLEY, C.J.).