# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT GLEN METCALF and LINDA
METCALF,

        Plaintiffs-Appellants,

v

MACKINAC COUNTY ROAD COMMISSION,

        Defendant-Appellee.

UNPUBLISHED
December 22, 2015

No. 322940
Mackinac Circuit Court
LC No. 2013-007497-CK

Before: MARKEY, P.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

Plaintiffs appeal by right from the trial court's order granting summary disposition to defendant pursuant to MCR 2.116(C)(7) (claim barred by law). For the reasons set forth below, we reverse the trial court's order and remand this matter for further proceedings.

On February 26, 2010, the parties entered into a written "Gravel Borrow Agreement." Under the agreement, defendant was permitted to remove sand and gravel from plaintiffs' property for a fee, "move in equipment as necessary to remove and process said gravel," and "to stockpile and store gravel on the above property." On November 27, 2013, plaintiffs filed a complaint asserting that "Defendant, without consent, in breach of the agreement . . . constructed a road through the middle of the property and east of the section line, and used excessive amounts of sand and gravel, and damaged the property by digging large holes, leaving the land disrupted, and damaged." They requested that "the land [be] restored to the condition before the Defendant entered onto it," or, alternatively, that they be awarded "money damages sufficient for the waste and destruction of Plaintiff's land to be restored" as well as "money damages for the sand and gravel unnecessarily used by the Defendant when constructing the access road far beyond the route as described."

Defendant moved for summary disposition pursuant to MCR 2.116(C)(7), asserting that plaintiffs' claim was barred by governmental immunity under the Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq.*, and by the statute of limitations, MCL 600.5805(10). Plaintiffs argued that summary disposition was inappropriate because the GTLA and MCL 600.5805(10) apply only to tort actions. Specifically, plaintiff argued that because their claim is based solely on an alleged breach of contract, the GTLA and MCL 600.5805(10) are

-1-

inapplicable. The trial court agreed with defendant and granted it summary disposition. This appeal followed.

A trial court's decision on a motion for summary disposition is reviewed de novo, *Peters v Dep't of Corrections*, 215 Mich App 485, 486; 546 NW2d 668 (1996), as are "questions of law regarding governmental immunity." *Tellin v Forsyth Twp*, 291 Mich App 692, 698; 806 NW2d 359 (2011).

On appeal defendant raises three issues. The first two, whether plaintiffs' claim is barred by governmental immunity under the GTLA and whether plaintiffs' claim is barred by the statute of limitations under MCL 600.5805(10), essentially seek to have this Court determine whether plaintiff's claim is for a breach of contract or a tort . Plaintiffs assert that theirs is a contract claim; defendant asserts it is a tort claim. We conclude after viewing the pleadings and evidence in a light most favorable to plaintiffs that plaintiffs have presented a contract claim. Consequently, the trial court, in concluding that plaintiffs' sought damages for a tort, erred in granting summary disposition to defendants under MCR 2.116(C)(7).

A motion for summary disposition under MCR 2.116(C)(7) may be granted where a claim is barred by governmental immunity. *Linton v Arenac Co Rd Comm*, 273 Mich App 107, 111; 729 NW2d 883 (2006). To survive a (C)(7) motion based on governmental immunity, a plaintiff must allege facts justifying the application of an exception to governmental immunity. *Id*. When addressing such a motion, a court must accept as true the allegations of the complaint unless contradicted by the parties' documentary evidence. *Patterson v Kleiman*, 447 Mich 429, 434 n 6; 526 NW2d 879 (1994). "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of the facts, the question whether the claim is barred is an issue of law for the court." *Dextrom v Wexford Co*, 287 Mich App 406, 431; 789 NW2d 211 (2010). Where factual development could provide a basis for recovery, summary disposition is inappropriate. *Id*. Whether an exception to governmental immunity applies is a question of law reviewed de novo on appeal. *Id*. at 431-432; *Linton*, 273 Mich App at 112.

Governmental immunity from tort liability under the GTLA applies to "all legal responsibility arising from a noncontractual civil wrong for which a remedy may be obtained in the form of compensatory damages." *In re Bradley Estate*, 494 Mich 367, 385; 835 NW2d 545 (2013). A governmental agency is generally immune from tort liability when engaged in a governmental function. MCL 691.1407(1).[1] A governmental function is "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." MCL 691.1401(b). "Courts are required to broadly construe the term 'governmental function,' while strictly construing exceptions to governmental immunity." *Tellin*, 291 Mich App at 699.

---

[1] While the GTLA provides exceptions to governmental immunity, see *Lash v Traverse City*, 479 Mich 180, 195 n 33; 735 NW2d 628 (2007), plaintiffs do not argue that any of the statutory exceptions apply here.

In determining whether a claim seeks to impose "tort liability" for which the GTLA provides governmental immunity, courts must "focus on the nature of the duty that gives rise to the claim." *Bradley*, 494 Mich at 388-389.

> If the wrong alleged is premised on the breach of a contractual duty, then no tort has occurred, and the GTLA is inapplicable. However, if the wrong is not premised on a breach of contractual duty, but rather is premised on some other civil wrong, i.e., some other breach of a legal duty, then the GTLA might apply to bar the claim. [*Id*. at 389.]

"A party's choice of label for a cause of action is not dispositive." *Norris v Lincoln Park Police Officers*, 292 Mich App 574, 584; 808 NW2d 578 (2011). "A party cannot avoid the dismissal of a cause of action through artful pleading." *Id*. Permitting a party "to do so 'would exalt form over substance.' " *Id*. (citation omitted). Instead, a court must look beyond labels and exam the claim as a whole to determine its exact nature. *Id*.; *Bradley*, 494 Mich at 388-389.

Determining whether a claim arises out of a tort or a contractual promise "is often largely semantic and difficult to discern." *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 165; 809 NW2d 553 (2011). "[T]he fundamental principle distinguishing a cause of action in tort from one in contract is the concept of duty." *Id*. at 164. To determine whether an action arises in tort, "the operative question . . . is whether the defendant owed the plaintiff any legal duty that would support a cause of action in tort, including those duties that are imposed by law." *Id*. at 171. Whether a duty arises separately and distinctly from a contract, "therefore, generally does not necessarily involve reading the contract, noting the obligations required by it, and determining whether the plaintiff's injury was contemplated by the contract." *Id*. at 169.

Plaintiffs asserted that defendant breached an unwritten portion of the parties' agreement by constructing a road in the wrong location, by using excessive amounts of sand and gravel, and by damaging the property. Viewing the pleadings in a light most favorable to plaintiffs, we conclude that factual development could provide a basis for recovery, i.e., their claim could arise out of a contractual duty. Specifically, if plaintiffs are able to provide sufficient evidence to convince a jury that defendants breached unwritten portions of the parties' "Gravel Borrow Agreement," i.e., contractual promises regarding access road location, the amount of sand and gravel to be used, and the care to be used on the property, plaintiffs would be entitled to relief. The trial court erred in concluding that plaintiffs' claim arose in tort, not contract. Therefore, neither the statute of limitations nor the GTLA barred plaintiffs' claim. Because "factual development could provide a basis for recovery," *Dextrom*, 287 Mich App at 431, the trial court erred in granting summary disposition pursuant to MCR 2.116(C)(7).

The third issue on appeal is whether the trial court erred in basing its decision to grant defendant summary disposition, in part, because "the statute of frauds would require anything that was going to go beyond the years' period of time to be in writing." Apparently, the court concluded it could not enforce any portion of the parties' agreement that was not in writing. It appears that the trial court conflated the requirements of the statute of frauds with the parol evidence rule, but neither would preclude plaintiffs from proceeding with their claim.

In pertinent part, the statute of frauds provides that when it cannot to be performed within one year of its making, the "agreement, contract, or promise is void unless that agreement, contract, or promise, or a note or memorandum of the agreement, contract, or promise is in writing and signed with an authorized signature by the party to be charged with the agreement, contract, or promise." MCL 566.132(1)(a). The written portion of the agreement in this case is silent and clearly ambiguous as to its duration. Nevertheless, the statute of frauds is satisfied because the agreement is supported by a written note or memorandum that is signed with a person authorized by the party to be charged with the agreement. *Id*. By its plain terms, the "statute of frauds does not require that the entire agreement be in writing; it only requires that 'a note or memorandum of the agreement' is in writing and signed." *Kelly-Stehney & Assoc, Inc v MacDonald's Indus Prods, Inc (On Remand)*, 265 Mich App 105, 111; 693 NW2d 394 (2005). Thus, a note or memorandum satisfying the statute of frauds need not contain every detail of the agreement, and extrinsic evidence may be used to supplement, but not contradict the agreement. *Id*. at 114, citing *Goslin v Goslin*, 369 Mich 372, 376; 120 NW2d 242 (1963), and *Opdyke Investment Co v Norris Grain Co*, 413 Mich 354, 367; 320 NW2d 836 (1982). The "Gravel Borrow Agreement," which is signed by both parties, satisfies the statute of frauds regardless of whether it includes the entire agreement between the parties.

The parol evidence rule states that "evidence of contract negotiations, or of prior or contemporaneous agreements that contradict or vary the written contract, is not admissible to vary the terms of a contract which is clear and unambiguous." *Schmude Oil Co v Omar Operating Co*, 184 Mich App 574, 580; 458 NW2d 659 (1990). An additional requirement for the application of the parol evidence rule is "that the parties intended the written instrument to be a complete expression of their agreement." *Id*. In this case, nothing in the written agreement states that it is the complete expression of the parties' agreement. Further, the parol evidence rule requires not only that the entire agreement of the parties be integrated in a written document, but also that the terms of the written contract be clear and unambiguous. *Id*. Consequently, the parol evidence rule does not bar the introduction of evidence to explain ambiguous parts of a contract. *Patrich v Muscat*, 84 Mich App 724, 732; 270 NW2d 506 (1978). While silence does not always equate to ambiguity, see *Norman v Norman*, 201 Mich App 182, 184; 506 NW2d 254 (1993), plaintiffs contend the gravel borrow agreement included an oral addendum providing detail regarding its provision permitting defendant to "move in equipment as necessary to remove and process said gravel." In this case, a patent ambiguity (arising from the face of agreement) or latent ambiguity (arising from factors outside the written agreement) exists that permits the admission of extrinsic evidence to explain the terms of contract. See *Shay v Aldrich*, 487 Mich 648, 667-668; 790 NW2d 629 (2010). The admission of "relevant extrinsic evidence to aid in the interpretation of a contract whose language is ambiguous does not violate the parol evidence rule." *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 470; 663 NW2d 447 (2003).

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing party, plaintiffs may tax costs pursuant to MCR 7.219.

/s/ Jane E. Markey
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan