*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF DEBORAH A. PATTERSON, by
ERIC T. PATTERSON, Personal Representative,
and ESTATE OF MARY K. MASSENGILL, by
CLAUDE MASSENGILL, JR., Personal
Representative,

UNPUBLISHED
February 28, 2019

      Plaintiffs-Appellants,

v

No. 342514
Court of Claims
LC No. 17-000252-MD

DEPARTMENT OF TRANSPORTATION,

      Defendant-Appellee.

Before: SWARTZLE, P.J., and MARKEY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiffs appeal by right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(7) and (C)(8). We affirm.

## I. BACKGROUND

On October 7, 2016, plaintiffs' decedents were struck and killed by a vehicle while riding their bicycles within the designated bike lane on M-124 in Jackson County. The vehicle was traveling in the same direction as the decedents and struck them when it crossed the fog line. The driver of the vehicle was charged with, and pleaded no contest to, two counts of committing a moving violation causing death. In September 2017, plaintiffs filed a complaint alleging that defendant, the Michigan Department of Transportation (MDOT), had failed to maintain the roadway in reasonable repair, causing plaintiffs' decedents' deaths. Plaintiffs sought damages under the wrongful death act.

Plaintiffs argued generally that defendant had improperly added a bike lane to the edge of the highway without expanding the road itself to compensate. Defendant thereby effectively narrowed the vehicular path, which in turn created an unreasonably hazardous condition. Plaintiffs more specifically argued that defendant breached its duty by creating a dual purpose area of travel by placing a bike lane in a portion of the highway designed for vehicular traffic,

again, without widening the roadway. Plaintiffs argued that defendant was not entitled to governmental immunity because the facts of this matter constitute a "defective highway and nuisance per se, created and maintained by [d]efendant."

Defendant moved for summary disposition under MCR 2.116(C)(7) and (8), premised on governmental immunity and failure to state a claim. The Court of Claims granted the motion, reasoning that plaintiffs' claim implicated a design defect. The Court of Claims observed that plaintiffs' nuisance per se claim was subject to dismissal because the bike lane is categorically a traffic-control measure, and traffic- control measures generally do not give rise to a nuisance claim.

## II. STANDARD OF REVIEW

Whether MDOT is entitled to summary disposition under MCR 2.116(C)(7) on the basis of governmental immunity is reviewed de novo. *Yono v Dep't of Transp*, 499 Mich 636, 645; 885 NW2d 445 (2016). The trial court must accept as true the contents of the complaint, unless they are contradicted by documentary evidence submitted by the moving party. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint and is also reviewed de novo. *Id*. "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant," and only the pleadings may be considered. *Id*. at 119-120. Summary disposition under MCR 2.116(C)(8) is properly granted "when the claims are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Long v Liquor Control Comm'n*, 322 Mich App. 60, 67; 910 NW2d 674 (2017).

## III. HIGHWAY EXCEPTION TO GOVERNMENT IMMUNITY

Generally, "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). However, the Legislature has provided six narrowly-construed exceptions, one of which is "for failing to maintain in reasonable repair the highways within [the agency's] jurisdiction. *Yono*, 499 Mich at 646. A plaintiff that brings suit against a government entity bears the burden of pleading in avoidance of governmental immunity. *Mack v Detroit*, 467 Mich 186, 203; 649 NW2d 47 (2002). Under the "highway exception," "only the travel lanes of a highway are subject to the duty of repair and maintenance specified in MCL 691.1402(1)." *Grimes v Dep't of Transp*, 475 Mich 72, 91; 715 NW2d 275 (2006). The duty of repair and maintenance "does not include a duty to correct design defects." *Hanson v Bd of County Rd Comm'rs*, 465 Mich 492, 500; 638 NW2d 396 (2002).

Plaintiffs contend that their negligence claim did not involve a design defect. Rather, they argue that they pleaded a claim in avoidance of governmental immunity by alleging that defendant failed to maintain the roadway in a reasonably safe condition when it narrowed the roadway by designating a bike lane within the outside edge of the travel lane. We disagree. Courts are required to consider the substance of a pleading, not the formalities. *Hurtford v Holmes*, 3 Mich 460, 463 (1855); *Norris v Lincoln Park Police Officers*, 292 Mich App 574, 582; 808 NW2d 578 (2011). Plaintiffs' argument that defendant should have widened the road

or refrained from adding a bike lane is, fundamentally, an argument that defendant made an inappropriate design decision, not that defendant failed to maintain or repair the road itself.

The government's duty is limited to reasonable maintenance or repair and does not include a duty to correct design defects or to correct defects arising from construction of the highways. *Hanson*, 465 Mich at 502. Instead, the duty to "maintain" includes keeping the roadway "in a state of repair, efficiency, or validity: preserve[d] from failure or decline," while " 'repair' means to restore to a good or sound condition after decay or damage; mend." *Id*. Thus, governmental agencies have no duty to improve or enhance highways, for example by widening lanes, so the only cognizable claims are those arising from defects in the roadbed itself. *Id*. at 503-504. The designation of a bike lane that incidentally narrows the vehicular portion of the travel lane cannot be reasonably described as failing to preserve the roadbed from decline or decay. Consequently, we are not persuaded by plaintiffs' claim that the defendant failed to maintain the highway in its original condition.[1]

Moreover, plaintiffs have also failed to allege that any defect in the roadbed caused the decedents' deaths. Nowhere in plaintiffs' complaint do they explain, through specific factual allegations, how the addition of the bike lane caused the decedents' deaths. On appeal, plaintiffs assert that cracks in the roadbed resulted in a functional narrowing of the bike lane, forcing the decedents to ride their bikes closer to the vehicle lane. This may be true, but it is undisputed that decedents were killed because the *vehicle* crossed the fog line, not because the decedents were forced to ride into the vehicle lane. We are constrained to conclude that the Court of Claims properly granted summary disposition as to plaintiffs' negligence claim.

## IV. NUISANCE PER SE

Plaintiffs next assert that the Court of Claims erred by dismissing their nuisance per se claim under MCR 2.116(C)(8). "A nuisance at law or a nuisance per se is an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings." *Bluemer v Saginaw Central Oil & Gas Serv, Inc*, 356 Mich 399, 411; 97 NW2d 90 (1959). "[I]t remains unclear whether a nuisance per se exception to governmental immunity exists in Michigan." *Haaksma v Grand Rapids*, 247 Mich App 44, 56; 634 NW2d 390 (2001). For purposes of addressing this appeal, we will presume, although we do not decide, that such an exception exists.

Plaintiffs only make a conclusory assertion that the bike lane was a nuisance per se, which, without allegations of fact in support, is insufficient to state a cause of action. *Lawsuit Financial, LLC v Curry*, 261 Mich App 579, 592; 683 NW2d 233 (2004). Plaintiffs argue that a bike lane is intrinsically dangerous because it creates a false sense of security. The same logic

---

[1] On appeal, plaintiffs continue to characterize their claim as a failure to maintain or repair by suggesting that an alteration of the original travel lane (by adding the bike lane) falls within the meaning of "maintain." Plaintiffs, however, cite no supporting law and make no attempt to explain how the meaning of "maintain" or "repair" includes an alteration. To adopt plaintiff's argument would directly conflict with *Hanson*.

would suggest that a sidewalk is intrinsically dangerous because it is possible for vehicles to drive off the road, or that an undivided highway is intrinsically dangerous because it is possible for vehicles to cross the center line. A certain amount of risk is inherent in any activity involving or close to vehicular traffic. However, a nuisance per se must be *unreasonable* and dangerous irrespective of the care with which it is conducted. *Li v Feldt (After Second Remand)*, 439 Mich 457, 466-467 (CAVANAGH, C.J.), 482-483 (BOYLE, J.), 485-486, 507-508 (LEVIN, J.); 487 NW2d 127 (1992). The delineation of a specific lane for separating vehicular from bike travel *increases* the safety of motorists and bicyclists alike, notwithstanding the fact that accidents can occur.

Plaintiffs have not established that a bike lane is unreasonable and dangerous under all circumstances. Therefore, the Court of Claims did not err by concluding that a bike lane is not a nuisance per se as a matter of law and dismissing plaintiffs' nuisance per se claim under MCR 2.116(C)(8).

## V. AMENDMENT TO THE PLEADINGS

Finally, plaintiffs assert that they should have been permitted to amend the pleadings to address any shortcomings in their nuisance per se claim. Pursuant to MCR 2.116(I)(5), the trial court should afford parties "an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." Pursuant to MCR 2.118(A)(2), leave to amend "shall be freely given when justice so requires." However, the trial court is not required to *sua sponte* issue an order allowing the amendment of the pleadings. Plaintiffs made no effort in the trial court to amend their pleadings. Therefore, we find no plain error in the trial court failing to issue an order permitting such an amendment.

## VI. CONCLUSION

The trial court properly granted summary disposition in favor of defendant pursuant to MCR 2.116(C)(7) and (8). Plaintiffs have not pleaded a negligence claim in avoidance of government immunity, and plaintiffs have not stated a claim for nuisance per se. The trial court did not err in failing to issue an order allowing amendment. Affirmed. Defendant, being the prevailing party, may tax costs. MCR 7.219(A).

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ Amy Ronayne Krause