*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DANA MARK GAMARRA,

      Plaintiff-Appellant,

v

OAKLAND COUNTY, OAKLAND COUNTY
SHERIFF'S DEPARTMENT, and DEPUTY KEITH
LYBYRON DEAN,

      Defendants-Appellees,

and

FRANKENMUTH MUTUAL INSURANCE
COMPANY,

      Defendant.

UNPUBLISHED
March 06, 2026
12:03 PM

No. 370203
Oakland Circuit Court
LC No. 2022-195361-NI

Before: YOUNG, P.J., and LETICA and KOROBKIN, JJ.

PER CURIAM.

In this action arising from an automobile accident, plaintiff appeals by right the trial court's order granting summary disposition in favor of defendants, Oakland County, Oakland County Sheriff's Department (OCSD), and Deputy Keith Lybyron Dean (Deputy Dean).[1] Upon de novo review, we agree with the trial court that Deputy Dean is entitled to summary disposition under the Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq.*, but we disagree that summary disposition is appropriate as to Oakland County and OCSD. We therefore affirm in part, reverse in part, and remand the case for further proceedings consistent with this opinion.

---

[1] We will collectively refer to these parties as defendants. After the trial court granted summary disposition in favor of these defendants, plaintiff stipulated to dismiss, with prejudice, defendant Frankenmuth Mutual Insurance Company. The insurance company is not a party to this appeal.

## I. BACKGROUND AND FACTS

On April 30, 2021, at approximately 6:00 p.m., Deputy Dean responded to a police call involving an injury. He believed that he would provide first aid until emergency medical services arrived at the scene. But when he arrived at the location, a child's grandmother reported that her 11-year-old granddaughter put her hand through a window and was bleeding so profusely that they could not wait for an ambulance to arrive. At that point the child's mother had her in a vehicle. Deputy Dean told her that he would provide a police escort to McLaren Hospital and directed the mother to follow behind his vehicle.

Deputy Dean was driving a fully-marked county vehicle and activated his lights and siren. He drove southbound on Baldwin Avenue approaching the intersection with Walton Boulevard. At that point, Baldwin Avenue had five lanes, including two southbound lanes, a center lane which became the southbound left-turn lane, and two lanes for northbound traffic. Because there was a red light for Baldwin Avenue traffic, all of the southbound lanes, including the center-turn lane, were occupied, so Deputy Dean proceeded to drive the wrong way in the closest northbound lane so he could bypass the stopped traffic and turn left onto Walton Boulevard. Deputy Dean testified that he slowed down as he approached the intersection but did not come to a complete stop. He further testified that his emergency lights and siren were stopping traffic at the intersection. Indeed, after two vehicles finished traveling through the intersection on Walton Boulevard, a truck traveling eastbound on Walton Boulevard, which still had the green light, stopped. Deputy Dean then accelerated into the intersection to make the left turn. But an eastbound Chevrolet Malibu driven by plaintiff did not stop, and the front of Deputy Dean's vehicle crashed into the driver-side door of the Malibu in the intersection, resulting in the Malibu's airbags deploying. The overall incident was captured on his vehicle's dash camera, including plaintiff's later apology to Deputy Dean, explaining that he "never heard a siren." Deputy Dean, for his part, testified that he never saw plaintiff's vehicle before the collision.

On August 1, 2022, plaintiff filed a complaint against defendants. Specifically, he asserted that Deputy Dean wrongfully entered the intersection without slowing, stopping, or yielding to plaintiff's vehicle, causing him to strike it "at a high rate of speed with extreme force" leading plaintiff to "suffer serious impairment injuries." In a claim against Oakland County and OCSD, plaintiff sought damages for bodily injury and property damage resulting from the alleged negligent operation of a government-owned motor vehicle, MCL 691.1405, in violation of the Motor Vehicle Code, MCL 257.1 *et seq*. In a claim against Deputy Dean asserting gross negligence, MCL 691.1407(2), plaintiff alleged that Deputy Dean operated his vehicle "so recklessly as to demonstrate a substantial lack of concern" as to whether injury would result by failing to operate the overhead lights and siren.

By the time he was deposed, plaintiff had seen the dash camera video from Deputy Dean's vehicle. Contrary to the allegations in the complaint, plaintiff acknowledged that Deputy Dean's siren and lights were activated at the time of the accident. Plaintiff testified that he did not hear the siren, and he denied playing the radio loudly such that he would have failed to hear the siren. Plaintiff also acknowledged that a truck pulling a trailer being driven in the lane to plaintiff's right had stopped abruptly. Plaintiff did not investigate why the truck stopped, but drove through the intersection because he had a green traffic signal and the intersection was "clear."

Defendants moved for summary disposition, claiming entitlement to governmental immunity on grounds that plaintiff could not establish negligence or gross negligence as required under the GTLA. Plaintiff opposed the motion, contending that there were genuine issues of material fact. The trial court granted defendants' motion, and this appeal followed.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *White v Henry Ford Macomb Hosp Corp*, 346 Mich App 405, 419; 12 NW3d 635 (2023). A claim is properly dismissed under MCR 2.117(C)(7) if it is barred by immunity granted by law. "When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). We must also "consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in a light most favorable to the nonmoving party." *Fields v Suburban Mobility Auth for Regional Transp*, 311 Mich App 231, 234; 874 NW2d 715 (2015). "If there are no material facts in dispute or if reasonable minds could not differ regarding the legal effect of those facts, the issue of governmental immunity is resolved as an issue of law." *Norris v Lincoln Park Police Officers*, 292 Mich App 574, 578; 808 NW2d 578 (2011). "But when a relevant factual dispute does exist, summary disposition is not appropriate." *Fields*, 311 Mich App at 234 (quotation marks and citation omitted).

## III. ANALYSIS

Plaintiff contends that the trial court erred in granting defendants' motion for summary disposition because defendants' liability turns on disputed issues of fact. We agree in part.

Governmental agencies and their employees are generally immune from tort liability under the GTLA. See *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 202; 731 NW2d 41 (2007); MCL 691.1407. But there are exceptions to this immunity; two kinds are at issue in this case. The first is the so-called motor-vehicle exception for governmental agencies, see MCL 691.1405, and the second is the gross-negligence exception for government employees, see MCL 691.1407(2). We address each exception in turn.

### A. MOTOR-VEHICLE EXCEPTION

The motor-vehicle exception provides:

Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . . [MCL 691.1405.]

In order to hold Oakland County and OCSD liable for Deputy Dean's alleged negligence, plaintiff had to plead, and be able to prove, that his injuries resulted from Deputy Dean's negligent operation of the police vehicle. See *id.*; *Seldon v Suburban Mobility Auth*, 297 Mich App 427, 436; 824 NW2d 318 (2018). To establish a prima facie case of negligence, a plaintiff must

establish: (1) that defendant owed a legal duty to the plaintiff; (2) a breach of defendant's duty; (3) damages suffered by the plaintiff; and (4) the damages were proximately caused by the defendant's breach of duty. *Hill v Sears, Roebuck & Co*, 492 Mich 651, 660; 822 NW2d 190 (2012); *Composto v Albrecht*, 328 Mich App 496, 499; 938 NW2d 755 (2019).

The first and third elements do not appear to be in dispute on appeal—plaintiff suffered damages; and Deputy Dean, as a driver of a motor vehicle, owed plaintiff and others using the roadways a duty "to exercise ordinary and reasonable care and caution" in his operation of the vehicle under the circumstances. *Zarzecki v Hatch*, 347 Mich 138, 141; 79 NW2d 605 (1956). Indeed, "[i]t is well established" that although MCL 257.603 excuses the drivers of authorized emergency vehicles from obeying certain traffic rules, such drivers must still drive "in a manner that does not endanger life or property," and "in a reasonable manner that is mindful of the safety of others on the road." *Flanagin v Kalkaska Co Rd Comm*, 319 Mich App 633, 638; 904 NW2d 427 (2017). MCL 257.603(3)(b) provides that the driver of an authorized emergency vehicle may "[p]roceed past a . . . stop signal . . . , but only after slowing down as may be necessary for safe operation," and MCL 257.653(2) provides that such a driver is not relieved of "the duty to drive with due regard for the safety of persons using the highway." "While police cars, ambulances, and fire trucks operating with lights and sirens may proceed through a red light, they may do so only after slowing and ensuring that any cross-traffic has observed them and stopped." *Flanagin*, 319 Mich App at 638.

Defendants dispute the second (breach) and fourth (causation) elements of plaintiff's claim. But we conclude that both involve questions of fact that must be decided by a jury.

First, breach. As a general matter, "the question of breach—whether [a defendant's] conduct in the particular case is below the general standard of care—is a question of fact for the jury." *Kandil-Elsayed v F & O Oil, Inc*, 512 Mich 95, 112; 1 NW3d 44 (2023) (quotation marks and citations omitted). Only when "the evidence presented to a court concerning breach generates no questions of fact"—that is, when no reasonable jury could find that a defendant failed to act with reasonable care under the circumstances—may a court grant summary disposition on the question of breach. *Id*. n 2. "A question of fact exists when reasonable minds could differ as to the conclusions to be drawn from the evidence." *Dextrom*, 287 Mich App at 416.

We are not persuaded by defendants' argument that the evidence of Deputy Dean's due care generates no question of fact for the jury. The evidence does show that Deputy Dean activated his emergency lights and siren and that he slowed down as he approached the intersection, but a question of fact remains whether he acted with reasonable care and caution to "ensur[e] that any cross-traffic has observed [him] and stopped." *Flanagin*, 319 Mich App at 638. After initially slowing down, Deputy Dean accelerated into the intersection and the front of his car struck the driver-side door of plaintiff's vehicle. At his deposition, Deputy Dean testified that he never saw plaintiff's car before the collision. A reasonable jury could infer from this evidence that Deputy Dean did not look to his right to ensure that all eastbound traffic had stopped, and in failing to do so breached his duty of care.

Next is proximate cause. As with breach, proximate cause is ordinarily a question of fact for the jury, "but if reasonable minds could not differ regarding proximate cause of the plaintiff's injury, the court should rule as a matter of law." *Babula v Robertson*, 212 Mich App 45, 54; 536

NW2d 834 (1995). Defendants argue that "the sole and proximate cause of the subject accident was [plaintiff's] reckless conduct in failing to yield for Deputy Dean as [was] [plaintiff's] legal duty pursuant to MCL 257.653(1)(a)." Under that statute, a driver must yield the right-of-way to an authorized emergency vehicle that has activated its emergency lights and siren. MCL 257.653(1)(a). Defendants argue that it was plaintiff's failure to do so, and not Deputy Dean's conduct, that proximately caused the accident.

The flaw in defendants' argument is that there can be more than one proximate cause of an injury under MCL 691.1405,[2] and within Michigan's comparative-negligence system "a plaintiff whose negligence contributed to their injury may still recover against a negligent defendant." *Marion v Grand Truck Western R Co*, 513 Mich 220, 234; 15 NW3d 180 (2024). As summarized by this Court in *Lamp v Reynolds*, 249 Mich App 591, 605; 645 NW2d 311 (2002):

> [T]he comparative fault statutes apply to all persons, including the plaintiff, who are found to be at fault, i.e., whose conduct is a proximate cause of the plaintiff's damages. A plaintiff will be considered at fault if a defendant proves that the plaintiff's conduct was both a cause in fact and a legal, or proximate, cause of his own damages. Once the at-fault persons are determined, the trier of fact assigns percentages of fault to each person after considering the nature of each person's conduct and the extent of the causal relation between the conduct and the resulting damages.

For tort claims arising from motor vehicle accidents, summary disposition is inappropriate unless no reasonable jury could fail to find that the plaintiff is more than 50 percent at fault. See *Poch v Anderson*, 229 Mich App 40, 51; 580 NW2d 456 (1998); MCL 500.3135(2)(b).

In the present case, there is evidence from which a jury could find that plaintiff was negligent by failing to yield as required by MCL 257.653(1)(a). See *Rodriguez v Solar of Mich, Inc*, 191 Mich App 483, 487-488; 478 NW2d 914 (1991) ("Violation of a statute by a plaintiff or a defendant creates a prima facie case from which a jury may draw an inference of negligence."). In particular, plaintiff acknowledged that he saw a truck driving in an adjacent lane to his right come to an abrupt stop, but he nonetheless continued through the intersection without slowing down to determine why the truck had stopped. Yet plaintiff also testified that he did not hear a siren, nor was he playing the radio loudly such that he would have been responsible for not hearing the siren. Additionally, as Deputy Dean was driving to the left of three lanes on Baldwin Avenue that were blocked by traffic, a reasonable jury could find that the stopped traffic on Baldwin

---

[2] We note that under MCL 691.1407(2), the GTLA's gross-negligence exception applies only if the defendant's gross negligence is "the" proximate cause of the plaintiff's damages. In *Robinson v Detroit*, 462 Mich 439, 458-459; 613 NW2d 307 (2000), our Supreme Court construed the Legislature's use of the phrase "the proximate cause," as distinct from "a proximate cause," to mean "the one most immediate, efficient, and direct cause preceding an injury." In contrast, MCL 691.1405—the GTLA's motor-vehicle exception and the statutory provision at issue here—does not use that terminology. So there is no need to identify only one proximate cause of plaintiff's injury for purposes of determining whether Oakland County and OCSD could be held liable for Deputy Dean's negligent use of their motor vehicle.

Avenue blocked plaintiff's line of sight to Deputy Dean's vehicle. From all this evidence a reasonable jury could also conclude that plaintiff was not negligent, or alternatively that he was negligent but not more than 50 percent at fault. Accordingly, whether and how much plaintiff was at fault for the accident is a question of fact, so the trial court erred in granting summary disposition to Oakland County and OCSD.

## B. GROSS-NEGLIGENCE EXCEPTION

MCL 691.1407(2) provides that "each officer . . . of a governmental agency . . . is immune from tort liability for an injury to a person or damage to property caused by the officer . . . while acting on behalf of a government agency if . . . (a) [t]he officer . . . is acting or reasonably believes he . . . is acting within the scope of his . . . authority[;] (b) [t]he governmental agency is engaged in the exercise or discharge of a governmental function[; and] (c) [t]he officer's . . . conduct does not amount to gross negligence that is the proximate cause of the injury or damage." There is no dispute that Deputy Dean was acting within the scope of his authority and engaged in the exercise or discharge of a governmental function. So in order to hold Deputy Dean liable, plaintiff had to plead and be able to prove that Deputy Dean's conduct amounted to gross negligence that was the proximate cause of the injuries at issue. MCL 691.1407(2)(c).

Evidence of ordinary negligence is not enough to establish a material question of fact concerning gross negligence. *Maiden v Rozwood*, 461 Mich 109, 122; 597 NW2d 817 (1999). Rather, "gross negligence" is "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). The gross-negligence standard "suggests . . . almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks," *Tarlea v Crabtree*, 263 Mich App 80, 90; 687 NW2d 333 (2004), "as though . . . the actor simply did not care about the safety or welfare of those in his charge," *id*.

Even when viewing the evidence in the light most favorable to plaintiff, we conclude that Deputy Dean's conduct did not rise to the level of gross negligence. Plaintiff initially alleged in his complaint that Deputy Dean entered the intersection without activating his emergency lights and siren, but the record clearly reflects—and plaintiff admitted at his deposition—that Deputy Dean did have his emergency lights and siren activated. The evidence also shows that Deputy Dean slowed down as he approached the intersection, and he proceeded into the intersection after a number of other vehicles had passed or stopped. Thus, it cannot be said that Deputy Dean acted with "a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks," *id.*, and we do not believe any reasonable jury could find that his conduct was "so reckless as to demonstrate a *substantial* lack of concern for whether an injury results," MCL 691.1407(8)(a) (emphasis added). Although, as stated above, the evidence establishes a question of fact as to ordinary negligence, that is not enough to establish a question of fact as to gross negligence. *Maiden*, 461 Mich at 122. As a result, Deputy Dean is entitled to governmental immunity under the GTLA, see MCL 691.1407(2), so the trial court did not err in granting summary disposition in his favor.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.[3]

/s/ Adrienne N. Young
/s/ Anica Letica
/s/ Daniel S. Korobkin

---

[3] In the trial court, defendants also sought summary disposition under MCR 2.116(C)(10) on the additional ground that plaintiff did not demonstrate a threshold injury, serious impairment of an important body function, as required by MCL 500.3135. The trial court determined that there was a question of fact pertaining to that issue. Defendants state in their brief on appeal that they disagree with that determination, but they do not include the issue in their counterstatement of questions presented as an alternative ground for affirmance, and at oral argument defendants' counsel conceded that they were not seeking to have this Court review the trial court's determination as to that issue. Therefore, we consider this issue abandoned and decline to address it.