DONOFRIO, P.J.
This case arises out of a bus-automobile crash that occurred on April 17, 2010. Plaintiff was operating the automobile, and the bus was owned by defendant Suburban Mobility Authority for Regional Transportation (SMART), a regional transportation authority, and driven by defendant David Gibson. Plaintiff filed suit, alleging that the SMART driver’s negligence caused her injuries. The trial court granted summary disposition in favor of defendants on the basis of plaintiff not having met the notice requirements of MCL 124.419, and plaintiff appeals as of right. Because SMART was not provided with written notice of plaintiffs claim within 60 days of the accident, we affirm.
I. STANDARDS OF REVIEW
The grant or denial of summary disposition is reviewed de novo to determine whether the moving party is entitled to judgment as a matter of law. Bennett v Detroit Police Chief, 214 Mich App 307, 310; 732 NW2d 164 (2007). “MCR 2.116(C)(7) tests whether a claim is *234 barred because of immunity granted by law, and requires consideration of all documentary evidence filed or submitted by the parties.” Haliw v Sterling Hts, 464 Mich 297, 301-302; 627 NW2d 581 (2001) (quotation marks and citation omitted). When deciding a motion for summary disposition under MCR 2.116(C)(7), a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in a light most favorable to the nonmoving party. MCR 2.116(G)(5); Herman v Detroit, 261 Mich App 141,143-144; 680 NW2d 71 (2004). “ ‘If there is no factual dispute, whether a plaintiffs claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide.’ ” Moraccini v Sterling Hts, 296 Mich App 387, 391; 822 NW2d 799 (2012), quoting RDM Holdings, Ltd v Continental Plastics Co, 281 Mich App 678, 687; 762 NW2d 529 (2008). “But when a relevant factual dispute does exist, summary disposition is not appropriate.” Moraccini, 296 Mich App at 391. To the extent that questions of statutory interpretation are present, we review those de novo. Aichele v Hodge, 259 Mich App 146, 152; 673 NW2d 452 (2003).
II. NOTICE UNDER MCL 124.419
Plaintiff contends that the trial court erred by granting defendants’ motion for summary disposition because she provided the requisite notice under MCL 124.419.
Generally, governmental agencies in Michigan are statutorily immune from tort liability. However, because the government may voluntarily subject itself to liability, it may also place conditions or limitations on the liability imposed. Statutory notice provisions are a common means by which the government regulates the conditions under which a person may sue governmental entities. It is well *235 established that statutory notice requirements must be interpreted and enforced as plainly written and that no judicially created saving construction is permitted to avoid a clear statutory mandate. [Atkins v Suburban Mobility Auth for Regional Transp, 492 Mich 707, 714-715; 822 NW2d 522 (2012) (citations omitted).]
“The Metropolitan Transportation Authorities Act [MCL 124.401 et seq.] describes in what manner liability may be imposed on a transportation authority for situations involving the operation of a common carrier for hire.” Id. at 715. In this act, MCL 124.419 contains the following notice provision:
All claims that may arise in connection with the transportation authority shall be presented as ordinary claims against a common carrier of passengers for hire: Provided, That written notice of any claim based upon injury to persons or property shall be served upon the authority no later than 60 days from the occurrence through which such injury is sustained .... [Emphasis added.]
Hence, in order to bring claims in derogation of governmental immunity, this statute requires that those claims “be presented as ‘ordinary claims’ against the common carrier involved.” Atkins, 492 Mich at 715. Further, if the claim involves injury to a person or property, written notice of the claim must be served on the authority within 60 days of the injury. Id.; Nuculovic v Hill, 287 Mich App 58, 63; 783 NW2d 124 (2010).
In Nuculovic, this Court rejected the plaintiffs claim that proper notice was given because SMART received a copy of the police report and accident reports prepared by the operator of the bus and his supervisor. Nuculovic, 287 Mich App at 66. The Court concluded that even though SMART had possession of police reports and reports prepared by SMART’S employees, the plaintiff failed to formally deliver (serve) *236 notice of her claim to SMART and, therefore, the statutory notice requirement was not satisfied. Id. at 68. While the Court did refer to the court rules when analyzing what it meant to “serve,” we do not believe it was requiring strict compliance with those rules as the only way to comply with MCL 124.419. Instead, it used those rules as examples of how formal delivery could occur. Id. at 66-67. As a result, while strict compliance with the court rules may not necessarily be required, some kind of “formal delivery” nonetheless is required. Id. at 67-68; see also Atkins, 492 Mich at 721.
The rule announced in Nuculovic that a plaintiff cannot rely on the internal documents of a defendant transportation authority is sound. The relevant definition of “deliver” in the context of “to serve” is “to give into another’s possession or keeping.” Random House Webster’s College Dictionary (1997) (emphasis added). Thus, it is clear that a party cannot deliver something to itself; it must deliver to another party. Consequently, a party’s internal creation and handling of its own documents cannot constitute a “delivery” or “service” under MCL 124.419. Nuculovic, 287 Mich App at 68; see also Atkins, 492 Mich at 721 (stating that not requiring a plaintiff to provide the written notice subverts the intent of the Legislature because it would require SMART to anticipate and divine when an injured person is likely to file a suit and then notify itself of this determination).
As a result, plaintiffs claim similarly fails because there is no evidence that the documents she relied on in opposing defendants’ motion for summary disposition were anything other than SMART’S internal documents or police reports. In the trial court, plaintiff claimed in her response to defendants’ motion for *237 summary disposition that the following demonstrated that she had complied with MCL 124.419:
In addition to the report that is dated May 10, 2010 and presumed to be in the possession of Defendant SMART, SMART employees Otis Daniel and Jacqueline Owens both responded to the accident scene and completed an accident report detailing their findings. (Ex. C). Moreover, and more importantly, an additional SMART accident report was taken, which was time-stamped May 10, 2010, well within the 60-day statutory requirement. (Ex. D).
Plaintiff’s Exhibit C to that response, indeed, is a “Road Supervisor’s Accident Investigation Report” and is the type of internal report that this Court has expressly rejected as being able to constitute written notice under MCL 124.419. Nuculovic, 287 Mich App at 66, 68. The first page of Exhibit D is titled “SMART Transit Accident Report,” and the second page has the heading “SMART Claimant and Injured Report.” Thus, it appears that these also are internal documents and cannot be used to serve written notice of a claim under MCL 124.419. Id.
Plaintiff also argued at the trial court that her phone call to SMART’S insurer within three weeks of the accident constituted notice under the statute. However, because the statute requires written notice, clearly a conversation over a phone call cannot satisfy the notice requirement. Plaintiff then avers that
[t]his telephone conversation was presumably memorialized in some written form by Defendant SMART’S employee giving Defendant SMART notice that Plaintiff intended to file a claim and what that claim would be.
Importantly, plaintiff provided no evidence that any document was generated from this phone call. “ ‘[Parties opposing a motion for summary disposition must present more than conjecture and speculation to meet *238 their burden of providing evidentiary proof establishing a genuine issue of material fact.’ ” Detroit v Gen Motors Corp, 233 Mich App 132, 139; 592 NW2d 732 (1998), quoting Libralter Plastics, Inc v Chubb Group of Ins Cos, 199 Mich App 482, 486; 502 NW2d 742 (1993) (alteration in original).
Because plaintiff provided no evidence that she (or anyone else) formally delivered or served written notice of her claim on SMART within 60 days of the accident, she failed to establish that the statutory notice requirement was satisfied. See Nuculovic, 287 Mich App at 68. This case is also analogous to Smith v Suburban Mobility Auth for Regional Transp, unpublished opinion per curiam of the Court of Appeals, issued December 16, 2010 (Docket No. 294311), rev’d 493 Mich 906 (2012). In reversing the Court of Appeals in Smith, our Supreme Court adopted the dissenting opinion of Judge METER, who would have held that the plaintiffs claims were barred because he admitted that he never sent written notice to SMART. Smith, unpub op at 2 (METER, J., dissenting). Just like in Smith, plaintiff in the instant case admitted that she never sent any written notice of any claim to SMART within 60 days of the accident.
We also note that the Exhibit D that plaintiff relied on, which was a form that labeled plaintiff as a “claimant,” would have been insufficient under MCL 124.419 even if the document had not been a SMART internal document because it did not give notice that an “ordinary claim” was being pursued. While plaintiffs name is listed in the area for “claimant information,” the document does not disclose that plaintiff is intending to pursue any actual claim, let alone an “ordinary claim,” as opposed to a no-fault claim. See Atkins, 492 Mich at 717-718 (noting the differences between ordinary claims *239 and first-party no-fault claims). In other words, the word “claimant,” with nothing more, does not give notice of what type of claim a plaintiff may be pursuing. The concurrence’s suggestion that the statute does not require any specifics in the notice has been rejected by our Supreme Court. In Atkins, the plaintiff provided written notice that he was seeking first-party no-fault benefits. This Court held that this written notice, along with all the aggregate information available to SMART, was sufficient to allow SMART to have notice that an ordinary tort claim also could be pursued and reasoned that MCL 124.419 “only requires notice of ‘a’ claim, which it defined as the aggregate of operative facts giving rise to an enforceable right. As a result, reasoned the Court of Appeals, the statute only requires notice without any additional specific requirements of what information must be included.” Atkins, 492 Mich at 712-713, citing Atkins v Suburban Mobility Auth for Regional Transp, unpublished opinion per curiam of the Court of Appeals, issued October 22, 2009 (Docket No. 288461), pp 2-3. But the Supreme Court reversed and held that written notice of a no-fault claim was insufficient to provide notice of a tort or “ordinary” claim. Atkins, 492 Mich at 718-720. Thus, the logical import from Atkins is that notice must be somewhat specific, at least with respect to the type of claim, and notice for one type of claim is insufficient to be notice for another type of claim. Here, looking past the fact that the document at issue was never delivered to SMART, the word “claimant,” with nothing more, does not provide sufficient detail regarding what type of claim, if any, plaintiff is pursuing, and it is therefore insufficient to provide notice under MCL 124.419.[1]
*240 III. PREJUDICE
Next, plaintiff argues that even if the statutory notice requirements were not met, summary disposition was not warranted because defendants were not prejudiced. This argument, however, is without merit. In Trent v Suburban Mobility Auth for Regional Transp, 252 Mich App 247, 253; 651 NW2d 171 (2002), overruled in part sub silentio by Rowland v Washtenaw Co Rd Comm, 477 Mich 197, 213; 731 NW2d 41 (2007), and by McCahan v Brennan, 492 Mich 730, 733, 746-747; 822 NW2d 747 (2012), this Court held that a governmental agency asserting a deficiency in compliance with a statutory notice provision must show actual prejudice. However, the Michigan Supreme Court disavowed this holding, noting that the Court had “since held that when the Legislature specifically qualifies the ability to bring a claim against the state or its subdivisions on a plaintiffs meeting certain requirements that the plaintiff fails to meet, no saving construction — such as requiring a defendant to prove actual prejudice — is allowed” and also noting that the cases on which Trent relied had been overruled. Atkins, 492 Mich at 719 n 21. Because “statutory notice requirements must be interpreted and enforced as plainly written,” id. at 714-715, a showing of prejudice is not required, and the trial court properly granted defendants’ motion for summary disposition.
IV. CONCLUSION
In sum, in responding to defendants’ motion for summary disposition, plaintiff argued that the statute *241 was satisfied by relying solely on police reports and SMART’S internal documents. As these types of documents are inadequate to constitute a served, written notice of a claim, the trial court properly granted defendants’ motion for summary disposition. See Nuculovic, 287 Mich App at 68. Since no evidence was provided that someone other than SMART created the documents at issue, we need not address whether a writing from someone other than plaintiff or SMART, such as SMART’S insurer, would have satisfied the statute.
Affirmed. Defendants, as the prevailing parties, may tax costs pursuant to MCR 7.219.
FORT Hood, J., concurred with Donofrio, RJ.

 We note that our holding does not require a plaintiff to use any particular magic words such as “ordinary tort claim,” “ordinary claim,” *240 or “tort claim.” Instead, the written notice simply must, somehow, convey to the defendant authority the nature of the claim.