# STATE OF MICHIGAN

# COURT OF APPEALS

DERNIA MARTINEZ,

Plaintiff-Appellant,

v

TMF II WATERCHASE, LLC,

Defendant-Appellee.

UNPUBLISHED
December 15, 2016

No. 329931
Kent Circuit Court
LC No. 14-008385-NI

Before: WILDER, P.J., and MURPHY and O'BRIEN, JJ.

PER CURIAM.

Plaintiff, Dernia Martinez, appeals as of right the circuit court's opinion and order granting summary disposition to defendant, TMF II Waterchase, LLC, pursuant to MCR 2.116(C)(10). We affirm.

Plaintiff slipped and fell on a patch of ice on the sidewalk leading from the door of her apartment building to the parking lot. The apartment complex is owned by defendant. As a result of her fall, plaintiff sustained a variety of injuries. Several months after her fall, plaintiff filed a two-and-a-half-page complaint against defendant, alleging that defendant "[f]ail[ed] to use reasonable care to maintain the premises and all common areas in a safe condition" and "[v]iolat[ed] the covenant of habitability found at MCL 554.139 . . . ." Defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10), arguing that it exercised reasonable care, that the icy patch was open and obvious and not unreasonably dangerous, and that, while not absolutely perfect, the sidewalk was fit for its intended purpose. The circuit court agreed, granting summary disposition in defendant's favor pursuant to MCR 2.116(C)(10). Relying on our Supreme Court's decision in *Allison v AEW Capital Mgt, LLP*, 481 Mich 419; 751 NW2d 8 (2008), the circuit court explained, in pertinent part, that the icy patch on the sidewalk, while inconvenient, did not render it unfit for its intended purpose. This appeal followed.

On appeal, plaintiff, relying primarily on this Court's opinion in *Benton v Dart Props, Inc*, 270 Mich App 437; 715 NW2d 335 (2006), first argues that the circuit court erred in granting summary disposition in defendant's favor because an icy patch on a sidewalk renders the sidewalk unfit for its intended purpose as a matter of law. We disagree.

"A motion under MCR 2.116(C)(10) should be granted if the evidence submitted by the parties 'fails to establish a genuine issue regarding any material fact, [and] the moving party is

entitled to judgment as a matter of law.' " *Allison*, 481 Mich at 424-425 (citations omitted; alterations in original). In reviewing a motion for summary disposition under subsection (C)(10), courts are required to view the record in a light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. *Id*. at 425. A genuine issue of material fact exists when reasonable minds could differ with respect to an issue. *Id*.

While somewhat unclear, it appears that plaintiff's two-and-a-half-page complaint sets forth two distinct causes of action: negligence and breach of a statutory duty under MCL 554.139(1). Only the second cause of action is at issue for purposes of this appeal, presumably because the condition at issue, i.e., a patch of ice, is open and obvious as a matter of law. See, e.g., *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685; 822 NW2d 254 (2012). Nevertheless, "[i]f defendants had a duty under MCL 554.139(1)(a) or (b) to remove snow and ice . . . then plaintiff could proceed on his second claim even if plaintiff's negligence claim was barred by the 'open and obvious' danger doctrine." *Allison*, 481 Mich at 425. Thus, if defendant breached its duty under this statutory provision, assuming that such a breach caused damages, a plaintiff would be entitled to a contract remedy. *Id*. at 426.

MCL 554.139 provides, in pertinent part, as follows:

> (1) In every lease or license of residential premises, the lessor or licensor covenants:
>
> (a) That the premises and all common areas are fit for the use intended by the parties.
>
> (b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants [sic] wilful or irresponsible conduct or lack of conduct.

"The primary goal of statutory interpretation is 'to ascertain the legislative intent that may be reasonable inferred from the words expressed in the statute.' " *Allison*, 481 Mich at 427 (citation omitted). When statutory language is clear, courts interpret the language according to its plain and ordinary meaning. *Id*.

First, the parties dispute whether the sidewalk, which constitutes a common area, *Allison*, 481 Mich at 427-428, was fit for its intended use under MCL 554.139(1)(a). Plaintiff claims that the sidewalk was rendered unfit for its intended use under MCL 554.139(1)(a) as a matter of law due to the icy patch that caused plaintiff's fall. The Supreme Court has defined the word " '[f]it' " in this context "as 'adapted or suited; appropriate[.]' " *Allison*, 481 Mich at 429 (citations omitted). Thus, a sidewalk is fit for its intended purpose so long as it is suitable for walking. See, e.g., *id*. at 430 (explaining that "[a] parking lot is generally considered suitable for the parking of vehicles as long as the tenants are able to park their vehicles in the lot and have reasonable access to their vehicles."). To show that a common area, such as a sidewalk or parking lot, is unfit for its intended use, a plaintiff must provide evidence reflecting more than

"[m]ere inconvenience." *Id*. That is, a plaintiff must present evidence indicating that he or she was unable to use the sidewalk or parking lot. *Id*.

Applying those rules to the facts of this case, we agree with the circuit court's conclusion that the duty under MCL 554.139(1)(a) with regard to the accumulation of ice on a sidewalk would only be triggered under much more exigent circumstances that those presented in this case. *Allison*, 481 Mich at 430 ("While a lessor may have some duty under MCL 554.139(1)(a) with regard to the accumulation of snow and ice in a parking lot, it would be triggered only under much more exigent circumstances than those obtaining in this case."). Indeed, as with a parking lot, "[t]he statute does not require a lessor to maintain a [sidewalk] in an ideal condition or in the most accessible condition possible, but merely requires the lessor to maintain it in a condition that renders it fit for use as a [sidewalk]." The condition presented in this case, i.e., a sidewalk with an icy patch on an early winter morning, may not have been "ideal" or "the most accessible condition possible," but plaintiff did not present any evidence that the icy patch on the sidewalk rendered it anything more than merely inconvenient. Therefore, under *Allison*, the circuit court's decision was correct.

On appeal, plaintiff claims that "Defendant's building defects" and "the inadequacy of the Defendant's ice removal measures" constitute questions of fact for the jury, but those claims do not address the fact that plaintiff slipped and fell on a seemingly ordinary patch of ice. Like in *Allison*, where the plaintiff slipped and fell "when he was walking on one to two inches of accumulated snow in the parking lot of his apartment complex," 481 Mich at 423, this scenario, i.e., where plaintiff slipped and fell while walking on a small patch of ice, does not rise to the level of the exigent circumstances that are necessary to trigger a duty under MCL 554.139(1)(a). Plaintiff also claims that defendant failed to adequately design "the roof's drainage system" to prevent icy patches like the one she fell on. However, as the circuit court correctly recognized, plaintiff did not mention the design of "the roof's drainage system" in her complaint, and design defects are not implicated by the duty to repair under MCL 554.139(1)(b). Furthermore, plaintiff's only support for this claim is an architect's opinion that, had the design been improved, plaintiff's slip and fall might not have occurred, and Michigan law is clear in that speculation alone is simply insufficient to overcome a motion for summary disposition. See, e.g., *Fields v Suburban Mobility Auth for Regional Transp*, 311 Mich App 231, 238; 874 NW2d 715 (2015).

Plaintiff also claims that reversal is compelled in this case under *Benton*. While understandable given the factual similarities between the facts of that case and those present here, her reliance on *Benton* is ultimately misplaced. Plaintiff claims that *Benton* stands for the proposition that icy sidewalks are not fit for their intended use as a matter of law, but this proposition was expressly rejected in *Allison* by our Supreme Court two years after this Court's decision in *Benton*. Were we to follow *Benton* as plaintiff suggests and hold that the duty under MCL 554.139(1)(a) is triggered under the seemingly ordinary accumulation of ice and snow on a winter morning, we would be required to expressly ignore *Allison*. We simply cannot do so. See *State Treasurer v Sprague*, 284 Mich App 235, 242; 772 NW2d 452 (2009) (providing that we are bound by our Supreme Court's decisions). Plaintiff similarly claims that reversal is compelled in this case under *Hadden v McDermitt Apartments, LLC*, 287 Mich App 124; 782 NW2d 800 (2010), but, as we have explained before, *Allison*, not *Hadden*, controls when a tenant slips on ice or snow in a parking lot or sidewalk in an apartment complex. Plaintiff's second

-3-

argument on appeal challenges the circuit court's denial of her motion for reconsideration. In light of our conclusion above, however, we agree with the circuit court's decision in this regard. Furthermore, plaintiff's assertions of error as it relates to this argument do not address the circuit court's denial of the motion for reconsideration in any manner. Thus, they are abandoned. See *Ypsilanti Fire Marshal v Kircher*, 273 Mich App 496, 543; 730 NW2d 481 (2007) (providing that an issue is abandoned when not raised in the statement of questions presented). Similarly, plaintiff's arguments in this regard are cursory and lack sufficient factual and legal support for us to review them adequately; thus they are abandoned. See *Peterson Novelties, Inc*, 259 Mich App 1, 14; 672 NW2d 351 (2003) (providing that a party may not simply announce his or her position without also citing to adequate factual and legal support).

Nevertheless, in briefly addressing them, we find each meritless. Plaintiff claims that MCR 2.116(G)(1) prohibited defendant from filing a rebuttal brief before the circuit court, but that is untrue. Furthermore, the record does not reflect that this rebuttal brief "misled" the circuit court as plaintiff contends given the fact that the circuit court's decision was correct. Plaintiff also takes issue with the circuit court's comments that the icy patch was visible and avoidable, but those comments, alone, certainly do not compel reversal. Indeed, the visibility and avoidability of the icy patch play a role in a circuit court's determination as to whether an icy patch, in and of itself, renders a sidewalk unfit for its intended purpose. Plaintiff additionally takes issue with the circuit court's comment that the actual cause of the icy patch was unknown, claiming instead that it was known because plaintiff saw that water was dripping onto the sidewalk where the icy patch was located. Whether plaintiff knew the cause of the icy patch is largely irrelevant in the analysis under MCL 554.139(1). Finally, plaintiff claims that the circuit court ignored *Benton* and "lifted statements from *Allison*." We see no error in the circuit court following, or lifting statements from, our Supreme Court's decision in *Allison* for the reasons described above.

Affirmed. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ Kurtis T. Wilder
/s/ Colleen A. O'Brien

-4-