*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANITA KANO,

        Plaintiff-Appellee,

v

CURTIS JACOBSON,

        Defendant-Appellant,

and

WHEELS LT and PROGRESSIVE MARATHON
INSURANCE COMPANY,

        Defendants.

UNPUBLISHED
May 23, 2019

No. 341648
Macomb Circuit Court
LC No. 2017-002726-NI

Before: SAWYER, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order denying his motion for summary disposition under MCR 2.116(C)(7) premised on governmental immunity. We reverse and remand.

This case arises out of a car accident between plaintiff and defendant. At the time of the accident, defendant was employed as an equipment operator for the Michigan Department of Corrections (MDOC). As part of defendant's duties as an equipment operator, he was required to drive a tractor-trailer to transport items to and from correctional facilities. At the time of the accident, defendant was driving the tractor-trailer, transporting items to a correctional facility in Lapeer, Michigan. Plaintiff and defendant were both traveling eastbound on Hall Road in Macomb Township, and both turned onto a turnaround lane in order to turn left onto westbound Hall Road. The turnaround was two lanes, and plaintiff and defendant were stopped next to each other at a stop sign at the end of the turnaround, waiting to turn left onto Hall Road. Plaintiff was in the left turn lane of the two lane turnaround. When defendant accelerated to make the left turn onto westbound Hall Road, the left rear tire of defendant's truck did not clear plaintiff's

vehicle and struck the front right wheel of plaintiff's vehicle. Plaintiff filed a complaint against defendant alleging a count of negligence and a count of gross negligence. The trial court denied defendant's motion for summary disposition, concluding that the motion was premature and discovery should move forward to determine whether defendant's conduct rose to the level of gross negligence.

Defendant argues that the trial court erred in denying his motion for summary disposition because plaintiff failed to allege facts to establish gross negligence and no reasonable jury could conclude that defendant's conduct amounted to gross negligence. We agree.

"This Court reviews de novo a trial court's decision to deny a motion for summary disposition." *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 202; 731 NW2d 41 (2007). To survive a motion under MCR 2.116(C)(7), "the plaintiff must allege facts justifying the application of an exception to governmental immunity." *Beals v Michigan*, 497 Mich 363, 370; 871 NW2d 5 (2015). Summary disposition may not be opposed on the basis of unsupported speculation or conjecture. *Karbel v Comerica Bank*, 247 Mich App 90, 97; 635 NW2d 69 (2001). "When deciding a motion for summary disposition under MCR 2.116(C)(7), a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in a light most favorable to the nonmoving party." *Fields v Suburban Mobility Auth for Regional Transp*, 311 Mich App 231, 234; 874 NW2d 715 (2015). "If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide." *Id*. (citation and quotation marks omitted).

The Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq*., "affords broad immunity from tort liability to governmental agencies and their employees whenever they are engaged in the exercise or discharge of a governmental function." *Beals*, 497 Mich at 370. MCL 691.1407(2) governs this action, and provides the following:

(2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:

(a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.

(c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

Here, defendant presented an affidavit in which he asserted that, at the time of accident, he was a governmental employee, working as an equipment operator for the MDOC. He was transporting equipment to a correctional facility when his tractor-trailer struck plaintiff's vehicle. Plaintiff did not dispute that defendant was acting within the scope of his authority or that the MDOC was engaged in the exercise or discharge of a governmental function. Thus, the dispute concerns whether defendant was grossly negligent in his conduct.

" 'Gross negligence' is defined by statute as 'conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.' " *Wood v Detroit*, 323 Mich App 416, 423; 917 NW2d 709 (2018), quoting MCL 691.1407(8)(a). "A claim that a defendant has violated an applicable standard of practice or care sounds in ordinary negligence. However, the plain language of the governmental immunity statute indicates that the Legislature limited governmental employee liability to "gross negligence"—situations in which the contested conduct was substantially more than negligent." *Costa v Community Med Servs*, 475 Mich 403, 411; 176 NW2d 236 (2006). "Evidence of ordinary negligence is not enough to establish a material question of fact regarding whether a government employee was grossly negligent." *Wood*, 323 Mich App at 423-424. "Moreover, [s]imply alleging that an actor could have done more is insufficient under Michigan law, because, with the benefit of hindsight, a claim can always be made that extra precautions could have influenced the result." *Id*. at 424 (citation and quotation marks omitted). An actor is grossly negligent when an objective observer "could conclude, reasonably, that the actor simply did not care about the safety or welfare of those in his charge." *Tarlea v Crabtree*, 263 Mich App 80, 90; 687 NW2d 333 (2004).

In plaintiff's complaint, plaintiff alleged that defendant was negligent and grossly negligent when he "attempted to turn westbound on Hall Road, and [in] doing so, the tail end of the 2012 International ProStar struck plaintiff's vehicle." In regard to the negligence and gross negligence claims, plaintiff asserted that defendant breached a number of duties owed to plaintiff, including the duty to operate his vehicle in a manner and at rate of speed that would permit the vehicle to be stopped within safe distance in violation of MCL 257.627(1), not to operate the vehicle carelessly and with wanton disregard for the safety of others in violation of MCL 257.626(2), as well as to come to a full stop before entering the roadway in violation of MCL 257.652. Plaintiff also asserted that defendant breached his duty to control his automobile, to attempt to stop, and to observe the highway or his surroundings when he knew or should have known that his conduct could endanger plaintiff or others. To support plaintiff's claim of gross negligence, plaintiff asserted that the foregoing duties were breached with an intentional, willful, or substantial disregard for the inherent risk associated with driving a tractor-trailer. Plaintiff set forth no further factual allegations to support her claim of gross negligence.

In the lower court, defendant refuted plaintiff's claims, arguing that plaintiff had failed to allege any facts to establish that defendant's conduct was grossly negligent. Defendant presented evidence that established that plaintiff and defendant were stopped next to each other on a two lane turnaround, attempting to turn left onto Hall Road. Plaintiff was in the left lane of the turnaround, and when defendant pulled out into traffic to turn left, the left rear tire of the tractor-trailer did not clear plaintiff's vehicle and struck the front of her vehicle. Defendant was driving approximately 5 miles an hour when the collision occurred, the roads were dry, and the weather was clear. After the accident, defendant contacted the local police. Plaintiff's vehicle had minor damage, a tow truck was not called, and there were no injuries reported at the scene. Defendant

was not given a citation for the accident, and there were no drugs or alcohol suspected from either plaintiff or defendant. During oral arguments, plaintiff did not present any evidence to refute defendant's evidence or account of the accident. Rather, plaintiff argued that defendant was required to check the vehicle's mirror when turning, and if he had not checked his mirror, he had failed to abide by requirements of the Commercial Driver's License (CDL) manual. Plaintiff also asserted that defendant might have checked his mirror but simply did not care if he hit plaintiff's vehicle. Plaintiff asserted that, with more discovery, it could be established that defendant's conduct amounted to gross negligence.

The trial court erred in denying defendant's motion for summary disposition. In regard to the complaint, plaintiff failed to allege facts in the complaint to support a finding of gross negligence. Rather, plaintiff primarily relied on the assertion that defendant failed to operate his vehicle in accordance with provisions of the Michigan Vehicle Code. However, establishing that defendant violated a provision of the Michigan Vehicle Code does not establish gross negligence because the violation of a statute only creates the rebuttable presumption of negligence. *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 721; 737 NW2d 179 (2007), citing *Candelaria v BC Gen Contractors, Inc*, 236 Mich App 67, 82 n 5; 600 NW2d 348 (1999). Because evidence of ordinary negligence is insufficient to establish gross negligence, plaintiff had to allege or present evidence that defendant's conduct was "substantially more than negligent." *Costa*, 475 Mich at 411. However, plaintiff failed to present evidence or allege facts that would support a finding of gross negligence. Plaintiff merely asserted a brief factual overview of the accident and concluded that the incident amounted to gross negligence. Furthermore, the evidence that was presented established that defendant was not suspected of being under the influence of drugs or alcohol. Defendant stopped at the stop sign, and when the accident occurred, he was only driving approximately 5 miles an hour. Based on these facts, a reasonable juror could not conclude that defendant's conduct was grossly negligent.

Moreover, plaintiff's reliance on the CDL manual is unfounded. While the Michigan Vehicle Code requires that a "person shall pass knowledge and driving skills tests that comply with minimum federal standards prescribed in 49 CFR part 383[,]" the Michigan Vehicle Code does not state that the CDL manual contains enforceable rules, the violation of which establish negligence. MCL 257.312f(1). Even if plaintiff could establish through further discovery that defendant failed to look in his mirror, the violation may amount to ordinary negligence, not gross negligence. Furthermore, plaintiff's claim that discovery could establish that defendant did look in his mirror but simply did not care if he hit plaintiff's vehicle is mere speculation. Plaintiff presented no evidence to support the contention that defendant intentionally or with willful disregard hit plaintiff's vehicle. Therefore, there was no evidence presented to create a question of fact as to whether defendant's conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted.

The trial court did not conclude, however, that there was a question of fact regarding gross negligence; rather, the trial court concluded that defendant's motion was premature because discovery could establish gross negligence. This Court has stated that, "[i]n general, summary disposition is premature if granted before discovery on a disputed issue is complete." *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 723; 909 NW2d 890 (2017). "However, "a party must show that further discovery presents a fair likelihood of uncovering factual support for the party's position." *Id*. at 723-724. "[A] party opposing

summary disposition cannot simply state that summary disposition is premature without identifying a disputed issue and supporting that issue with independent evidence." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009). "Mere speculation that additional discovery might produce evidentiary support is not sufficient." *Caron v Cranbrook Ed Community*, 298 Mich App 629, 646; 828 NW2d 99 (2012). Plaintiff presented no independent support for the argument that defendant looked in his mirror, was aware that his truck could hit plaintiff's vehicle, but proceeded to turn anyway because he did not care that he was going to hit plaintiff's vehicle. Therefore, based on the facts alleged and the evidence presented in the lower court, a reasonable juror could not conclude that defendant's conduct amounted to gross negligence. Thus, the trial court erred in denying defendant's motion for summary disposition.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto