*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMIE PERILLA,

        Plaintiff-Appellee,

v

JOHN KINSMAN GALE,

        Defendant,

and

SMART CORPORATION,

        Defendant-Appellant.

UNPUBLISHED
October 28, 2024
3:05 PM

No. 368449; 368451
Wayne Circuit Court
LC No. 22-009560-NI

Before: GADOLA, C.J., and O'BRIEN and MALDONADO, JJ.

MALDONADO, J. (*dissenting*).

Section 19 of the Metropolitan Transportation Authorities Act of 1967 (MTAA), MCL 124.401 *et seq*., conditions the right of potential plaintiffs to bring suit against transportation authorities, such as SMART, upon fulfillment of the requirement that written notice of this claim "be served upon the authority" within 60 days of the event giving rise to the claim. MCL 124.419. The majority impermissibly adds language to Section 19 by requiring that notice be served upon the transportation authority via certified/registered mail or personal service. Accordingly, I dissent.

## I. COMPLIANCE WITH SECTION 29

I concur with the majority's recitation of the pertinent facts as well as its description of the two letters that plaintiff purports to satisfy the notice requirement. Section 19 of the MTAA, which governs notice, provides:

> All claims that may arise in connection with the transportation authority shall be presented as ordinary claims against a common carrier of passengers for

hire: Provided, That *written notice of any claim* based upon injury to persons or property shall be *served upon the authority* no later than 60 days from the occurrence through which such injury is sustained and the disposition thereof shall rest in the discretion of the authority and all claims that may be allowed and final judgment obtained shall be liquidated from funds of the authority: Provided, further, That only the courts situated in the counties in which the authority principally carries on its function are the proper counties in which to commence and try action against the authority. [MCL 124.419 (emphasis added).]

Plaintiff argues that he satisfied the notice requirement through the letters sent by his counsel. The majority disagrees, reasoning that the letters were not properly served. The majority further concludes that, even if they were properly served, the letters were inadequate to satisfy the statutory notice requirement.

This Court's "primary task in construing a statute, is to discern and give effect to the intent of the Legislature." *In re AGD*, 327 Mich App 332, 343; 933 NW2d 751 (2019). "The words used by the Legislature in writing a statute provide us with the most reliable evidence of the Legislature's intent." *Drew v Cass County*, 299 Mich App 495, 499; 830 NW2d 832 (2013). "Only when an ambiguity exists in the language of the statute is it proper for a court to go beyond the statutory text to ascertain legislative intent." *Vermilya v Delta College Bd of Trustees*, 325 Mich App 416, 418-419; 925 NW2d 897 (2018) (quotation marks and citation omitted).

A. SERVICE

This Court was charged with determining whether notice was properly served for the purposes of Section 19 when it decided *Nuculovic v Hill*, 287 Mich App 58, 66-68; 783 NW2d 124 (2010). In that case, the plaintiff argued that the notice requirement was met "because SMART received a copy of the police report for the incident and because [SMART employees] prepared reports regarding the accident." *Id*. at 66. Because Section 19 does not supply a definition for the term "service," the Court consulted Black's Law Dictionary and concluded that "service" of this notice required the plaintiff to "formally deliver" the notice to SMART. *Id*. at 67-68. The Court also explained that, while the term "service" is left undefined, "the concept of service of process is well clarified in our court rules." *Id*. at 66. The Court then laid out manners of service that are acceptable pursuant to various court rules. *Id*. at 67. This Court's holding in *Nuculovic* was clarified five years later when this Court decided *Fields v Suburban Mobility Auth for Regional Transp*, 311 Mich App 231, 235-236; 874 NW2d 715 (2015). In *Fields*, this Court explained that *Nuculovic* does not stand for the proposition that "strict compliance with [the court rules is] the only way to comply with MCL 124.419. Instead, it used those rules as examples of how formal delivery could occur." *Id*. at 236. Put differently, while "some kind of 'formal delivery' " is needed, it is not required that a plaintiff strictly complies with the Court rules.

The majority opinion is confusing in that it accurately recites the holding in *Fields* and then proceeds to ignore it. The majority opinion explains that strict compliance with the court rules is not necessary and then declares plaintiff's defeat based on his failure to show "that he attempted to serve the notice via certified/registered mail or a process server." The only prior mention of certified/registered mail was to note that our court rules require either personal service via registered or certified mail. MCR 2.105(A), (G). Thus, the majority explains that the court rules

require registered or certified mail, the majority then explains that strict compliance with the court rules is not necessary to satisfy Section 29, then the majority concludes by stating that plaintiff did not satisfy Section 29 because he failed to strictly comply with the court rules.[1] The majority offers no explanation for this discrepancy, and its conclusion cannot be squared with *Fields*. By the majority's reasoning, what method of service would satisfy Section 29 but would not satisfy the court rules? Why is certified mail required if compliance with the court rules is not?

It is clear to me that compliance with Section 29 does not require the use of registered or certified mail. Thus, the question becomes whether the use of ordinary mail satisfies the requirement of formal delivery; intuition and common experience dictate the conclusion that it does. First, I can think of no method that is more formal than ordinary mail but less formal than certified mail. Second, one should think of all the important documents that are routinely sent via ordinary mail. For example, college acceptance letters, jury summons, medical bills, certificates of vehicle title, diplomas, and credit cards are all delivered by ordinary mail on a daily basis. If ordinary mail is good enough for these important items, it is good enough to notify a transportation authority of an impending claim.

For these reasons, I disagree with the majority's conclusion that plaintiff's letters were not properly served.

### B. NOTICE OF CLAIM

As an alternative basis for reversal, the majority holds that the trial court erred by "concluding that the content of plaintiff's letters was sufficient to put SMART on notice of a claim against it." Pursuant to MCL 124.419, a prospective plaintiff must provide the transportation authority with notice of a "claim" arising from the alleged negligence. In *Nuculovic*, this Court took care to explain the distinction between notice of a *claim* and notice of an *occurrence*. The plaintiff in *Nuculovic* argued that the defendant had notice of her claim because it had received police reports describing the accident that caused plaintiff's injuries as well as internal reports prepared by SMART employees. *Nuculovic*, 287 Mich App at 69. This Court explained that "even if the police reports in defendant SMART's possession constituted notice of some kind of an occurrence, they did not constitute notice of a *claim* to defendants." *Id*. The Court further reasoned that the plaintiff "failed to show that, from the police reports, the defendant authority had *any* way of knowing that plaintiff intended to file a *claim* for injury to her person or her property . . ., much less what the *claim* would actually be." *Id*. at 69-70.

---

[1] Imposition of the court rules' service requirements is also problematic in light of MCR 1.103, which limits the applicability of the rules to "practice and procedure *in all courts*"; the court rules do not apply before a case reaches a court. When statutes governing causes of action require that notice be served prior to filing a complaint, service of the notices is governed by those statutes, not the court rules. The statute at issue in this case does neither defines "service" nor incorporates the court rules by reference. Therefore, the plain meaning governs. As explained in *Fields*, the plain meaning of the term does not mandate strict compliance with the court rules.

In *Fields*, this Court similarly concluded that the plaintiff failed to afford proper notice "because there is no evidence that the documents he relied on in opposing defendants' motion for summary disposition were anything other than SMART's internal documents or police reports." *Fields*, 311 Mich App at 236. The internal reports that the plaintiff cited were doubly insufficient because, while the plaintiff was referred to as a "claimant," this documentation "does not disclose that plaintiff is intending to pursue any actual claim, let alone an 'ordinary claim,' as opposed to a no-fault claim." *Id*. at 238. Put differently, "the word 'claimant,' *with nothing more*, does not give notice of what type of claim a plaintiff may be pursuing." *Id*. at 239. However, the notice only needs to "be somewhat specific," so it is not necessary to spell out exactly what claims the plaintiff intends to bring. See *id*.

The letters in this case are clearly distinguishable from the documents deemed insufficient in *Nuculovic* and *Fields* because plaintiff was not relying on others to do the job for him. These letters were not internal documents created by defendants, and they were not police reports simply putting defendants on notice of the fact that there was an accident. Rather, these letters were sent to SMART from plaintiff's attorney and explicitly pertained directly to the injuries that plaintiff suffered as a result of an accident involving SMART. Regarding whether the letters put SMART on notice of an impending claim, the first letter is a close call. This letter explicitly told SMART that plaintiff was injured in an accident involving a SMART vehicle and that he had retained an attorney. Arguably, SMART could deduce from this information that plaintiff had a claim against it. The second letter is much more explicit. This letter made clear plaintiff's position that SMART caused the accident, that the accident caused the injuries, and that plaintiff expected SMART, or its insurance carrier, to compensate him for the injuries.

The most important statement from the second letter was, "If we do not hear from either you or your insurance carrier within the next thirty (30) days, we will have no alternative but to institute the necessary legal proceedings." This unambiguously conveys that plaintiff planned to sue SMART if he was not compensated for his injuries. The majority brushes off this statement because the letter "did not notify SMART that plaintiff was intending to file a claim against it, nor do they specify what injuries plaintiff suffered from the accident or what the 'necessary legal proceedings' might be." I have several problems with this statement. First, Section 29 does not require notification that plaintiff *intends to file* a claim, only that he *has* a claim. Second, nothing in the language of the statute dictates that SMART be notified of the exact nature of plaintiff's injuries. Third, it is clearly implied that the "necessary legal proceedings" would be a lawsuit seeking compensation for the injuries.

More generally, the majority asserts that the letters actually "serve as letters of representation, notifying SMART of the accident and that plaintiff had retained counsel in connection with the accident." Assuming arguendo that this is an accurate characterization of the letters, it obviously follows that a person retains counsel in connection with an accident because the person intends to take whatever steps necessary to recover damages arising from the accident. The majority then states that "[t]he second letter mentions initiating legal proceedings, but only in the event SMART failed to respond. This conditional language does not adequately put SMART on notice of plaintiff's impending third-party tort claim." This logic is difficult to follow; plaintiff clearly was not planning to sue SMART for leaving him on read. When the statement is viewed in the context of the entire letter as well as the recent accident, it is clear that plaintiff's attorney has conveyed that plaintiff intends to sue SMART if he does not receive compensation for his

injuries either from SMART or its insurance provider. No reasonable person could be ignorant of the existence of a claim after receiving a letter saying: (1) there was an accident, (2) the accident was your fault, (3) I was injured in the accident, and (4) I will initiate legal proceedings if I do not hear from you. To require more from a plaintiff's notice adds rules that are not in the statute. Section 19 requires notice of a claim, nothing more. It does not require an express declaration that a lawsuit will be filed, and it does not require a description of the injury.

For these reasons, I disagree with the majority's conclusion that these letters did not notify SMART of plaintiff's claims.

## II. CONCLUSION

In my opinion, plaintiff complied with Section 29's notice requirements because the two letters described in the majority opinion were properly served and because these letters were sufficient to put SMART on notice of plaintiff's claim. I also believe that defendant's alternative argument in favor of reversal lacks merit.[2] Accordingly, I would affirm the trial court's order denying SMART's motion for summary disposition. Therefore, I respectfully dissent.

/s/ Allie Greenleaf Maldonado

---

[2] Because there is no indication that the majority disagrees with me regarding defendant's alternative argument, it is unnecessary to address it in this dissenting opinion.