*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMIE PERILLA,

      Plaintiff-Appellee,

v

JOHN KINSMAN GALE,[1]

      Defendant,

and

SMART CORPORATION,

      Defendant-Appellant.

UNPUBLISHED
October 28, 2024
3:05 PM

No. 368449; 368451
Wayne Circuit Court
LC No. 22-009560-NI

Before: GADOLA, C.J., and O'BRIEN and MALDONADO, JJ.

PER CURIAM.

Defendant, Suburban Mobility Authority for Regional Transportation (SMART), appeals as of right the orders of the Wayne County Circuit Court denying SMART's motions for summary disposition. Defendant SMART argues that the trial court erred in finding (1) plaintiff provided written notice of his claims to SMART pursuant to MCL 124.419, and (2) plaintiff provided sufficient evidence that his injuries were caused by the motor vehicle accident and constituted serious impairment of body function. We reverse and remand for entry of summary disposition in favor of defendant SMART.

## I. FACTS

On May 7, 2020, plaintiff Jamie Perilla was involved in a motor vehicle accident with SMART employee John Kinsman Gale[1] in Dearborn. Plaintiff alleges that Gale was driving a

---

[1] Gale was dismissed as a defendant by stipulation in the trial court.

SMART-owned pickup truck when he ran a red light at the intersection of Nowlin and Michigan Avenue and struck plaintiff's vehicle, causing injury. Plaintiff complained of neck pain to EMS when examined on the scene. Plaintiff refused EMS transport to the hospital, even though the paramedics suggested it, because plaintiff was concerned to go to the hospital during the Covid-19 pandemic. Following the accident, plaintiff experienced neck and back pain and received treatment from doctors and chiropractors from May 14, 2020, until approximately March 10, 2021.

On May 15, 2020, plaintiff's counsel sent two letters to SMART regarding the May 7, 2020 motor vehicle accident. SMART received both letters at its office and stamped them as "received" on June 8, 2020. During this time, SMART employees were working remotely due to Covid-19 restrictions. In an affidavit, SMART's Assistant General Counsel and Claims Manager explained that a legal staff member would go to the office a few times a week to pick up the mail, photograph it, and forward the photos to SMART's legal team. The first letter, dated May 15, 2020, on Ross Law letterhead, states:

| Re: | Our client: | Jaime Perilla |
|---|---|---|
| | Your insured: | John Gale |
| | Date of Loss: | 5/7/2020 |
| | Policy No.: | |
| | Vehicle Involved: | 2011 Ford SRW SUPER DUTY |
| | License Plate No.: | 070X773 |
| | VIN: | 1FTBF2B60BEC75538 |

To Whom It May Concern:

Please be advised that this office represents Jaime Perilla, who was injured as a result of the above-referenced accident. Our investigation discloses that John Gale, at the time of the accident, was insured with your company.

We hereby claim an attorney's lien on any and all proceeds collected in this matter.

Your acknowledgment of this letter will be sincerely appreciated.

The second letter, also dated May 15, 2020, with the same Ross Law letterhead, states, in pertinent part:

| Re: | Our client: | Jaime Perilla |
|---|---|---|
| | Accident of: | 5/7/2020 |
| | Location: | Nowlin & E. Michigan, Dearborn, MI |

Please be advised that this firm represents the interests of Jaime Perilla for injuries as a result of an automobile accident on May 7, 2020. Our investigation disclosed you to be the owner and/or driver of the automobile, which caused the accident, and therefore, are responsible for my client's injuries. If you are insured, please

turn this letter over to your insurance carrier or, in the alternative, if you have no insurance, please contact this office.

* * *

If we do not hear from either you or your insurance carrier within the next thirty (30) days, we will have no alternative but to institute the necessary legal proceedings.

[W]e hereby claim an attorney's lien on any and all proceeds collected in this matter.

On August 11, 2022, plaintiff filed this lawsuit against defendants SMART and Gale, alleging negligence, gross negligence, and vicarious liability. In its answer, SMART argued, as an affirmative defense, that plaintiff failed to serve written notice of the claim as required by MCL 124.419. On July 19, 2023, defendants filed a motion for summary disposition, asserting that plaintiff did not serve SMART with the required notice to avoid governmental immunity under MCL 124.419. On September 14, 2023, defendants filed a second motion for summary disposition, arguing that (1) plaintiff could not establish causation, and (2) plaintiff could not meet the threshold for serious impairment of body function under MCL 500.3135. The trial court found that SMART received timely notice pursuant to MCL 124.419, and thus SMART was not entitled to summary disposition of plaintiff's claims based on lack of notice. The trial court also found that a question of fact remained as to whether plaintiff's injuries were caused by defendant's negligence, and whether plaintiff's injuries constituted a serious impairment of a body function. The trial court entered two orders denying SMART's motions for summary disposition.[2] SMART now appeals.

## II. DISCUSSION

SMART argues the trial court erred in finding plaintiff complied with the notice requirements of MCL 124.419 because there is no evidence that the two letters were served by certified/registered mail or personal service, which is required by the statutory language. We agree.

## A. STANDARD OF REVIEW

This Court reviews summary disposition rulings de novo. *Henry Ford Health Sys v Everest Nat'l Ins Co*, 326 Mich App 398, 402; 927 NW2d 717 (2018). A motion for summary disposition under MCR 2.116(C)(7) tests whether a claim is "barred because of immunity granted by law." *Proctor v Saginaw Co Bd of Comm'rs*, 340 Mich App 1, 10; 985 NW2d 193 (2022) (citation

---

[2] Because SMART filed two motions for summary disposition, SMART had to file two claims of appeal which were subsequently consolidated. *Jamie Perilla v John Kinsman Gale*, unpublished order of the Court of Appeals, entered November 8, 2023 (Docket Nos. 368449; 368451).

-3-

omitted). Under MCR 2.116(C)(7), a reviewing court "must accept all well-pleaded factual allegations as true" and construe them in the light most favorable to the nonmoving party. *Id*. The court must consider any affidavits, depositions, or other documentary evidence to determine if there is a genuine issue of material fact. *Id*. "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court." *Id*. Matters of statutory interpretation are also reviewed de novo. *Atkins v Suburban Mobility Auth for Regional Transp*, 492 Mich 707, 714; 822 NW2d 522 (2012).

B. ANALYSIS

Under the Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq*., government entities are generally immune from tort liability when they are engaged in governmental functions. *Ray v Swager*, 501 Mich 52, 62; 903 NW2d 366 (2017). To survive a motion for summary disposition under MCR 2.116(C)(7), the plaintiff "must allege facts warranting the application of an exception to governmental immunity." *Smith v Kowalski*, 223 Mich App 610, 616; 567 NW2d 463 (1997). A government, however, may voluntarily subject itself to liability and place conditions or limitations on the liability imposed. *Atkins*, 492 Mich at 714. "Statutory notice provisions are a common means by which the government regulates the conditions under which a person may sue governmental entities." *Id*. The Metropolitan Transportation Authorities Act of 1967, MCL 124.401 *et seq*., "describes in what manner liability may be imposed on a transportation authority for situations involving the operation of a common carrier for hire." *Id*. at 715. It includes a notice provision, MCL 124.419, which provides in full:

> All claims that may arise in connection with the transportation authority shall be presented as ordinary claims against a common carrier of passengers for hire: *Provided, That written notice of any claim based upon injury to persons or property shall be served upon the authority no later than 60 days from the occurrence through which such injury is sustained* and the disposition thereof shall rest in the discretion of the authority and all claims that may be allowed and final judgment obtained shall be liquidated from funds of the authority: Provided, further, That only the courts situated in the counties in which the authority principally carries on its function are the proper counties in which to commence and try action against the authority. [*Atkins*, 492 Mich at 715 (emphasis added)].

"It is well established that statutory notice requirements must be interpreted and enforced as plainly written and that no judicially created saving construction is permitted to avoid a clear statutory mandate." *Atkins*, 492 Mich at 714-715. The use of the operative word "shall" in MCL 124.419 dictates that written notice under this statute is mandatory. See *Roberts v Farmers Ins Exch*, 275 Mich App 58, 68; 737 NW2d 332 (2007) ("shall" is mandatory). "The term 'service' is not defined in MCL 124.419, but the concept of service of process is well clarified in our court rules." *Nuculovic v Hill*, 287 Mich App 58, 66; 783 NW2d 124 (2010). In *Nuculovic*, this Court relied on the Black's Law Dictionary definition of "service" and the court rules addressing service of process to conclude that "service" in MCL 124.419 means "formal delivery." *Id*. at 66-67. The court rules allow service of a complaint in different ways depending on whether an individual or an entity is being sued. When process is served on an individual, it may be done by delivering a summons and a copy of the complaint to the defendant personally, or by registered or certified

mail. MCR 2.105(A).[3]  And MCR 2.105(G) provides that service of process on "a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, or public body" is accomplished by personal service on the officer, or by serving the person in charge of the office by "registered mail addressed to the officer at his or her office."

In *Fields*, this Court found that while the *Nuculovic* opinion referred to the court rules when analyzing what it meant for notice to be "served upon the authority," it did not believe the statute was requiring "strict compliance with those rules as the only way to comply with MCL 124.419." *Fields v Suburban Mobility Auth for Regional Transp*, 311 Mich App 231, 236; 874 NW2d 715 (2015). Rather, the *Fields* Court interpreted *Nuculovic*'s use of the court rules as using examples of how formal delivery could occur. *Id*. "As a result, while strict compliance with the court rules may not necessarily be required, some kind of 'formal delivery' nonetheless is required." *Id*. (finding that a police report in SMART's possession did not satisfy the notice requirement of MCL 124.419 because it had not been served on SMART); see also *Atkins*, 492 Mich at 721 (finding that the term "served" in MCL 124.419 indicates that formal delivery of notice of the claim is required).

Here, plaintiff's counsel mailed two letters to SMART on May 15, 2020. SMART asserts these letters cannot constitute notice of a claim because (1) they were not served upon SMART, and (2) they do not provide notice of an impending cause of action in tort. While plaintiff's letters were sent within the 60-day window in accordance with MCL 124.419, the method used to send the letters—regular mail—did not constitute formal delivery under the statute. Without formal delivery of a written notice of a claim, plaintiff has not availed himself of the exception to governmental immunity, and his claim must fail under MCR 2.116(C)(7).

Plaintiff has not shown that he attempted to serve the notice via certified/registered mail or a process server. Plaintiff asserts that these methods were not possible during this time due to the pandemic. While personal service may have been challenging during the pandemic, the U.S. Postal Service never ceased processing certified/registered mail; it only modified the delivery procedures to limit contact with customers.[4] To comply with MCL 124.419, plaintiff could have attempted service by these means, and presented evidence of such attempts to the trial court. Without such evidence, plaintiff cannot prove that he attempted to formally deliver the requisite

---

[3] "If a rule uses the term 'registered mail,' that term includes the term 'certified mail,' and the term 'registered mail, return receipt requested' includes the term 'certified mail, return receipt requested.' However, if certified mail is used, the receipt of mailing must be postmarked by the post office." MCR 2.105(L)(1). "If a rule uses the term 'certified mail,' a postmarked receipt of mailing is not required. Registered mail may be used when a rule requires certified mail." MCR 2.105(L)(2).

[4] Instead of requiring a signature for certified/registered mail during the pandemic, postal workers were instructed to knock on the door, write the recipient's name on the green card, print the postal worker's own initials and the notation "C19", and then leave the mail in the mail box. United States Postal Service, *Delivering During the COVID-19 Pandemic: How the U.S. Postal Service Kept the Nation Connected*, p 13 <https://about.usps.com/who/profile/history/pdf/delivering-during-covid-19.pdf> (accessed August 29, 2024).

notice of plaintiff's forthcoming tort claim on SMART, in accordance with MCL 124.419. See *Fields*, 311 Mich App at 236.

The trial court found that the letters were timely, and that SMART was not unduly prejudiced by receiving the letters via regular mail rather than certified/registered mail or personal service. The trial court was correct that the letters were sent within the 60-day timeframe in the statute. But when interpreting statutory notice requirements, a showing of prejudice is not required. *Fields*, 311 Mich App at 240. Rather, "statutory notice requirements must be interpreted and enforced as plainly written." *Id*., quoting *Atkins*, 492 Mich at 714-715. The trial court erred to the extent its ruling was based on finding no undue prejudice to SMART.

Plaintiff's argument that service was perfected when SMART received the letters is also without merit. There is no reasonable interpretation of "served" that would equate it with "received" for purposes of MCL 124.419. Plaintiff further suggests that SMART's actual knowledge of plaintiff's claim, evidenced by SMART's claim notes and its phone calls with plaintiff's counsel, demonstrates that SMART was put on notice. Our Supreme Court rejected this argument in *Atkins*. The plaintiff in *Atkins* relied upon her no-fault application and communications with SMART and its insurer to argue that SMART was put on notice of her impending tort claim. *Atkins*, 492 Mich at 716. The Court found that MCL 124.419 plainly requires *written* notice of any ordinary claims for personal injury, and "[k]nowledge of operative facts is not equivalent to written notice of a claim." *Id*. at 720-721. See also *Clay v Doe*, 311 Mich App 359, 363; 876 NW2d 248 (2015) (recognizing that an application for no-fault benefits does not constitute sufficient written notice of a tort claim under MCL 124.419). Accordingly, SMART's knowledge of the operative facts of plaintiff's claim is not relevant to whether SMART was served with notice of the claim arising from those facts under MCL 124.419.

The trial court further erred in concluding that the content of plaintiff's letters was sufficient to put SMART on notice of a claim against it. The plain language of MCL 124.419 requires written notice of a *claim*, not merely notice of an event or occurrence. *Atkins*, 492 Mich at 720. "A claim is not merely an occurrence; it is a demand for payment pursuant to a legal right as a result of that occurrence." *Id*. "Knowledge of operative facts is not equivalent to written notice of a claim." *Id*. at 720-721. The legislative purpose of the notice is clear: "it requires specific statutory notice of any claim so that a common carrier defendant does not have to anticipate or guess whether a claim will be filed at some point in the future." *Id*. at 721. "Instead, the common carrier must simply be told of the claim within 60 days and through service of a notice." *Id*.

The letters here are insufficient to constitute notice of a claim under MCL 124.419. The first letter merely informs SMART that plaintiff has retained counsel regarding the accident, and claims an attorney's lien on "any and all proceeds collected in this matter." The letter does not mention an impending tort claim nor any intent to sue. The second letter requests that SMART give the letter to its insurance carrier or, if there is no insurance carrier, to contact plaintiff's attorney. The letter then states, "If we do not hear from either you or your insurance carrier within the next thirty (30) days, we will have no alternative but to institute the necessary legal proceedings." These letters did not notify SMART that plaintiff was intending to file a claim against it, nor do they specify what injuries plaintiff suffered from the accident or what the "necessary legal proceedings" might be. The letters more accurately serve as letters of representation, notifying SMART of the accident and that plaintiff had retained counsel in

connection with the accident.  The second letter mentions initiating legal proceedings, but only in the event SMART failed to respond.  This conditional language does not adequately put SMART on notice of plaintiff's impending third-party tort claim.  Therefore, the trial court erred in finding the letters provided SMART with adequate written notice.

We find that SMART is entitled to summary disposition under MCR 2.116(C)(7) because plaintiff failed to serve notice under MCL 124.419; governmental immunity thus applies, shielding SMART from suit.  In light of our ruling that plaintiff failed to provide notice as required by MCL 124.419, defendant's arguments regarding causation and serious impairment of body function are moot.  We reverse and remand for entry of summary disposition in favor of SMART.


/s/ Michael F. Gadola
/s/ Colleen A. O'Brien